## TEXAS & P. RY. CO. v. JEFFERSON.
### No. 3849.

Court of Civil Appeals of Texas. El Paso.

June 8, 1939.

Rehearing Denied July 17, 1939.

T. D. Gresham and R. S. Shapard, both of Dallas, and Bibb & Bibb, of Marshall, for appellant.

Jones & Jones, of Marshall, for appellee.

HIGGINS, Justice.

The appellee Jefferson brought this suit against the Texas & Pacific Railway Company, appellant, to recover damages for personal injuries sustained by plaintiff, who was an employee of the defendant, working in its shops at Marshall, Texas. At the time of the accident in question plaintiff was aiding Grant Patterson, a fellow-employee, to roll a heavy tractor wheel weighing 1461 pounds. While so engaged the wheel fell, breaking plaintiff's leg in two places seriously injuring him.

It is conceded in the briefs of both parties plaintiff's rights and remedies are governed by the State law and not by the Federal Employers' Liability Act or the Federal Safety Appliance Act.

Upon answers returned to special issues judgment was rendered in plaintiff's favor for $4000, from which the defendant appeals.

The findings made may be briefly stated as follows:

(1) Patterson let loose the wheel in such way as to cause or permit the same to fall upon the plaintiff.

(2 and 3) Such action was negligence on Patterson's part and a proximate cause of plaintiff's injuries.

(4) Patterson let loose of the wheel without warning plaintiff of his intention to do so.

(5 and 6) Such action was negligence and a proximate cause of plaintiff's injuries.

(7) Defendant did not fail to furnish sufficient man-power or help to perform the work of moving the wheel.

(10) Assessed plaintiff's damages at $5000.

(11) Plaintiff's injuries were not the result of an unavoidable accident.

(12) Plaintiff's injuries were not the result of a risk ordinarily incident to the work in which he was engaged.

(13) Plaintiff's injuries did not. result from a risk or danger of which he knew or which was so open and obvious that in the exercise of ordinary care in the discharge of his own duties he should have known.

(14) Plaintiff did not fail to properly guide or handle the wheel at the time of the accident.

(19) Plaintiff's act in turning loose of the wheel at the time the same tilted and began to fall did not constitute contributory negligence.

(21) The act of the plaintiff in turning loose the wheel at the time it tilted was not the sole proximate cause of his injuries.

(22) The plaintiff moved in front of the falling wheel in such a manner as to cause the same to fall upon him.

(23) Such action of the plaintiff constituted contributory negligence.

(25) Such action of the plaintiff was not the sole proximate cause of his injuries.

(26) Plaintiff did not fail to properly perform his part of the work of balancing the wheel immediately before it fell.

We quote issue No. 29 and its answer, with the instructions immediately preceding and following the same, as follows:

"If you have answered Special Issues Numbers 17, 19, 23, 27, or either of them, 'Yes,' then answer special issue No. 29.

"Special Issue No. 29: What amount of money, if any, do you find from a preponderance of the evidence, should be deducted from the damages, if any, you have found in answer to special issue No. 10, on account of the contributory negligence, if any, of the plaintiff? Answer in dollars and cents.

"Answer: 1,000.00.

"To aid you in answering special issue No. 29, you are instructed that you shall diminish the damages, if any, in proportion to the contributory negligence, if any, attributable to the plaintiff."

To the instruction immediately following special issue No. 29, it is objected that it constituted a general charge and improper since the case was submitted on special issues; also, improper because it informs the jury of the effect of its findings. The objection first stated is well taken under the following authorities: Texas & Pacific Ry. Co. v. Perkins, Tex. Com.App., 48 S.W.2d 249; Connecticut General Life Ins. Co. v. Warner, Tex.Civ. App., 94 S.W.2d 514; Humble Oil & Refining Co. v. McLean, Tex.Com.App., 280 S.W. 557; A. J. Anderson Co. v. Reich, Tex. Sup., 260 S.W. 162; Texas & N. O. R. Co. v. Harrington, Tex.Sup., 235 S.W. 188; Worden v. Kroeger, Tex.Sup., 219 S.W. 1094, 1096; St. Louis Southwestern R. Co. v. Hudson, Tex.Com.App., 17 S.W.2d 793; Radford Grocery Co. v. Andrews, Tex. Com.App., 15 S.W.2d 218.

The second objection is also good. Texas Indemnity Ins. Co. v. Davis, Tex.Civ. App., 32 S.W.2d 240; Panhandle & S. F. Ry. Co. of Texas v. Sedberry, Tex.Civ.App., 46 S.W.2d 719; Schroeder v. Rainboldt, 128 Tex. 269, 97 S.W.2d 679 (Com.App.); Texas & Pacific Ry. Co. v. Perkins, Tex. Com.App., 48 S.W.2d 249; Humble Oil & Refining Co. v. McLean, Tex.Com.App., 280 S.W. 557.

By bill of exception it is shown that one of the attorneys for plaintiff, in his closing argument, stated in substance and effect the following: "Then they (referring to attorneys for defendants) attack Dr. Edwards. Edwards was good enough to serve the Government as a doctor during the War and is good enough to be the head of the X-ray department of the largest hospital in Shreveport. The evidence shows he is holding as competent a position as any man between New Orleans and Dallas, but he is not good enough for the Railroad Company. The jury should give little consideration, if any, to the Railway Company's defense in this case, because of the character of defense that had been presented. *I cannot denounce and condemn too strongly the foul and filthy tactics which the Railway Company has resorted to in its defense in this case.*" (Italics ours.)

Whereupon the defendant's counsel in open court objected and excepted to said argument as being uncalled for, improper and prejudicial and without support in the evidence and requested the court to instruct the jury not to consider such argument. Whereupon the court verbally instructed the jury as follows: "Gentlemen of the Jury: You will not consider for any purpose the statement of Mr. Jones about the Railway Company's tactics being foul and filthy, and such remarks are withdrawn from your consideration."

To all of which defendant's counsel in open court objected and excepted as aforesaid.

Whereupon plaintiff's said attorney stated to the jury in substance and effect as follows: "I don't want to cause this jury to consider anything but the evidence in this case. I am expressing my opinions. My opinions are not evidence and I certainly do not want you to feel my opinions are evidence. They (referring to the Railroad Company) have attempted to raise prejudices in this case, and I say to you I don't want you to decide this case on prejudice one way or the other."

The italicized portion of counsel's argument was not warranted by anything in the record. It was vituperative and calculated to prejudice the jury against the defendant. It is reversible error. Woodard v. Texas & Pacific Ry. Co., 126 Tex. 30, 86 S.W.2d 38, Tex.Com.App., opinion adopted by Sup. Ct.; Bell v. Blackwell, Tex.Com.App., 283 S.W. 765; Hubb Diggs Co. v. Bell, Tex. Civ.App., 297 S.W. 682; Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946; Floyd v. Fidelity Union Casualty Co., Tex.Com.App., 24 S.W.2d 363.

We overrule the assignment asserting the verdict is excessive.

Other propositions submitted by appellant show no error. They are overruled.

Reversed and remanded.