**STEWART OIL CO. v. BROWN.**

**No. 2141.**

Court of Civil Appeals of Texas. Waco.

Dec. 7, 1939.

McEntire, James & Shank and Clower & Bezoni, all of Tyler, and Davis, Jester & Tyson, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellees.

ALEXANDER, Justice.

This suit was brought by Stewart Oil Company, a corporation, against C. L. Brown, Sr., and others, for damages for the alleged negligent shooting of an oil well

at an improper depth. It was alleged that the plaintiff had employed the defendants to shoot the well with nitroglycerine at a depth of from 3555 to 3570 feet, for the purpose of increasing the oil flow, but that the defendants had negligently shot the well at a point approximately 100 feet higher than was contemplated and had thereby destroyed it. The jury returned a verdict in favor of the defendants and judgment was entered accordingly. Plaintiff has appealed.

Counsel for appellee, in his argument to the jury, made the following statements:

"They seek to have you, gentlemen, run your hand down in the pocket of C. L. Brown, Sr., and take out of his pocket and pass over into the corporation, and treasury of this $500,000 corporation, money to the tune of approximately $20,000. Now I say the corporation, I don't know whether it is the corporation seeking to do that, or whether it is this banker, and this financier, and this big oil man, Mr. Stewart; and they seek to do it gentlemen on the ground that we have definitely and positively violated the plain terms of our contract which resulted in their damage to the amount stated. * * *"

"You are being asked to send the defendant in this case, if need be, into bankruptcy to enrich this plaintiff; * * *"

■ Issue No. 1 inquired whether the defendants had failed to shoot the well at a depth of from 3555 to 3570 feet, to which the jury answered "No." In discussing this issue, counsel for appellee made the following statements:

"The court says if you answer No. 1 'No' you need not consider No. 2 and I tell you if you answer No. 1 'No' your labors are at an end; * * *"

"Your answer to Special Issue No. 1 is decesive of this case—that is if you answered it in the negative. If you answer Special Issue No. 1 'No' the whole lawsuit will be disposed of; * * *"

We have reached the conclusion that the making of the above argument by counsel for appellee requires a reversal of the judgment of the lower court. This argument was very clearly an appeal to the jury to answer one of the decisive issues favorable to the defendant, not because the evidence warranted it but because the plaintiff was a wealthy corporation and the defendant was a poor man. 41 Tex.Jur. 809, 810; Houston, E. & W. T. R. Co. v. McCarty, 40 Tex.Civ.App. 364, 89 S.W. 805; Humphreys v. Roberson, 125 Tex. 558, 83 S.W.2d 311; Sanders v. Lowrimore, Tex.

Civ.App., 73 S.W.2d 148, par. 11; Vaughan v. Kishineff, Tex.Civ.App., 63 S.W.2d 1081.

■ The suit was brought in the name of the Stewart Oil Company, a corporation, as the alleged owner of the well in question. During the trial it developed that the title to the lease on which the well was located was in the name of W. E. Stewart, who was the president of the corporation. Stewart testified that the lease belonged to the corporation and that he owned no interest therein, but merely held the title for the use and benefit of the corporation. There was no evidence of any attempt on the part of Stewart to defraud the creditors of the corporation. In this connection, counsel for appellee, in his argument to the jury, made the following statements:

"Now gentlemen of the jury, they make a fake, I am going to deliberately call it a fake effort to try to show that the real title to this property was not as the record said but was in this oil company, and that Stewart was holding it as trust estate for the corporation, and I say it is fake because if they don't prove as a matter of fact that the corporation owned that property, under the rule I have attempted to state to you they go out of court, and ought to go out of court. A man has got no right, morally or legally, to try to come into court and try to recover on a case that he don't own, and isn't substantially his; * * *"

"Why did the title to this property stand in the name of W. E. Stewart if it wasn't for the purpose of defrauding the creditors of the Stewart Oil Company? I have got a right to draw the conclusion that Stewart carried this property in his own name to defraud the creditors of Stewart Oil Company; * * *"

The above argument was inflammatory and constituted an improper appeal to the prejudices of the jury. 41 Tex.Jur. 801; Woodard v. Texas & P. Ry. Co., 126 Tex. 30, 86 S.W.2d 38.

■ The appellant objected to all of the above argument at the time it was made but the court overruled the objection. Later, the court instructed the jury, in writing, not to consider the argument. We are of the opinion, however, that the argument was so inflammatory and prejudicial that its harmful effect could not be fully withdrawn by an instruction of the trial court.

The judgment of the trial court is reversed and the cause is remanded for a new trial.