# James O. Walker v. Texas Employers Insurance Association

No. A-5633. Decided June 13, 1956.
(291 S.W. 2d Series 298)

*Donald & Donald* and *J. M. Donald,* of Bowie for petitioner.

The Court of Civil Appeals erred in holding that the character of the statement made comes within a class of statements which are so inflamatory and prejudicial that their harmful effects could not be fully withdrawn by an instruction of the trial court. Loyd v. Herrington, Texas Civ. App., 178 S.W. 2d 694, reversed by the Supreme Court upon another point, 143 Texas 135, 182 S.W. 2d 1003; Alamo Casualty Company v. Wm. Reeves & Co., 258 S.W. 2d 211; Good v. Born, 197 S.W. 2d 589, refused, N.R.E.

*Crowley, Wright, Miller & Garrett* and *James E. Wright,* of Fort Worth, for respondent.

In response to petitioner's point of error, respondent cited Standard Accident Ins. Co. v. Terrell, 180 Fed. 2d 1; Trinity Universal Ins. Co. v. Chafin, 229 S.W. 2d 942, refused n.r.e.; Stewart Oil Co. v. Brown, 134 S.W. 2d 375, no writ history.

MR. JUSTICE CALVERT delivered the opinion of the Court.

The opinion handed down in this case by the Court on May 9, 1956 is withdrawn and the following is substituted therefor:

This is a Workmen's Compensation case in which petitioner, James O. Walker, recovered a trial court judgment against respondent, Texas Employers' Insurance Association. The Court of Civil Appeals reversed the judgment and remanded the case for retrial. 284 S.W. 2d 795.

Reversal by the Court of Civil Appeals was predicated solely on a statement by a witness which that court found to be so highly prejudicial that, in spite of an instruction by the trial judge to the jury not to consider it, it probably resulted in an improper judgment.

Out of this one ruling of the Court of Civil Appeals the petitioner has evolved sixteen points of error,—too many to be summarized separately. They add up to the general proposition that the Court of Civil Appeals erred in holding that the statement of the witness was so highly prejudicial in nature as to require a reversal.

Respondent's counsel was cross examining petitioner's medical witness, Dr. L. D. Parnell, with particular reference to

charges made by him for appearing as a witness and for making reports to the Industrial Accident Board. The answer of the witness to one question was that he did not make reports to the Industrial Accident Board, and the questions and answers then proceeded as follows:

"Q. Well, a report to be filed with The Industrial Accident Board?

"A. The only reports that I ever make is to the man who sends me a man for examination, and I examine him and make a report to him. I don't know what he does with it. If he sends it to the Accident Board, I know some times they do.

"Q. Well, what do you charge for * * *

"A. I don't have any set charge for that. I charge for the work I do. There's not much money to it. *If I wanted to get in the money, Judge, I would get in with the insurance company, because they have got it. These poor men that are broke up haven't got it.*"

It is the italicized (underscored) portion of the witness' answer of which complaint is made.

Respondent's objection to the statement of the witness was: "That was not responsive to any question, Your Honor, and we move the court to grant a mistrial." Thereupon the court admonished the jury as follows: "Gentlemen, you will not consider the voluntary statement of the witness as any evidence in this case. It is not responsive."

■ It will be noted that the only basis assigned for respondent's motion for a mistrial was that the statement was not responsive. The mere fact that the answer of a witness is not responsive to a question does not require the granting of a mistrial. For the purposes of this opinion, however, we shall treat the question as though respondent gave the same reasons for seeking a mistrial that it has given on appeal for seeking a reversal. On appeal the position of respondent has been, and is, that the witness' answer was highly prejudicial and inflamatory in that it arrayed the poor against the rich, class against class, and "poor men" against the "insurance company," and was so prejudicial and inflammatory that the prejudice could not be removed by the court's instruction.

In passing on the point of error raising this matter the Court of Civil Appeals said: "But in the class of cases under consideration, the only effect the rule (Rule 434, Texas Rules of Civil Procedure) would have would be to require us to examine the statement of facts, in the light of the verdict and judgment, in order to determine whether the prejudicial effect thereupon, *which must be presumed to have resulted from the unresponsive statement,*[1] may be considered to have been either disregarded by the jury or to have had no effect upon their deliberations * * *. The jury found the employee to have sustained 80% permanent partial disability, of which the injury alleged by him to have occurred while in the course of his employment was a producing cause. There is, therefore, no doubt but that there would be reversible error in the case had the employee's attorney made the same statement Dr. Parnell made from the witness stand during the course of an argument to the jury. * * * Certainly, in this case the insurer was as greatly prejudiced by the statement made by Dr. Parnell, supposedly an impartial witness, as it would have been had the statement been made by the employee himself, or by his attorney. * * * This is a case where the trial court was helpless to fully cure the error."

■ If we properly read the opinion of the Court of Civil Appeals, that court stated, in so many words, that in determining whether the error complained of was reversible it would apply the rule of "presumed prejudice." The rule of "presumed prejudice" has not prevailed in this state since the adoption of Rules 434 and 503, Texas Rules of Civil Procedure, in 1941. Aultman v. Dallas Ry. & Term. Co. 152 Texas 509, 260 S.W. 596, 600; The Development of the Doctrine of Harmless Error in Texas, 31 Texas Law Rev. 1. Applying the rule of presumed prejudice, the Court of Civil Appeals seems to have concluded that the mere fact that the jury made a finding in some respects favorable to petitioner was conclusive evidence that the jury was influenced to return an improper verdict by the unresponsive statement of the witness.

■ Before an error may be made the basis of reversing a trial court judgment the appellate court must be satisfied that the error complained of "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Reversal may not be predicated upon a simple showing that error occurred and that the jury returned a verdict in

---

[1]Emphasis ours.

some respects favorable to the party the error was reasonably calculated to help. If it could, the further provision of Rules 434 and 503 that it must also appear that the error "probably did cause the rendition of an improper judgment" would be meaningless and pointless.

A determination of whether the error "probably did cause the rendition of an improper judgment" by influencing the jury to return a verdict it probably would not otherwise have returned is to be made from an examination of the record as a whole, City of Galveston v. Hill, 151 Texas 139, 246 S.W. 2d 860, 863, including the "state of the evidence." Lumbermen's Lloyds v. Loper, 153 Texas 404, 269 S.W. 2d 367, 370.

The record reflects that petitioner's suit arose out of a claimed back injury. He claimed to have sustained an injury to his back while driving a truck in the course of his employment, and in his petition asserted that he had sustained permanent, total disability by virtue of his injury. He sued for the maximum benefits allowed by the Workmen's Compensation Act for permanent, total disability. Respondent defended the suit on the ground that petitioner had, at most, a temporary, partial disability which was not the result of any accidental injury sustained in the course of his employment with respondent's assured, but was solely the result of disease, or of natural causes, or of injuries sustained on some other occasion in some other employment.

The evidence offered by petitioner was altogether adequate to sustain a recovery of benefits for permanent, total disability. In addition to petitioner's testimony describing his injury and his physical condition, the witness, Dr. L. D. Parnell, testified that petitioner was totally disabled and that in his opinion his condition would never improve. On the other hand, respondent offered medical testimony that the pain in petitioner's back was the result of an arthritic condition arising out of calcium deposits which had accumulated over a long period of time, and that if he had any disability at all it did not exceed 10%.

The jury did not accept, in full, the medical testimony of either party. It found that petitioner's disability was the result of an injury and that the disability was permanent, but that it was 80% partial and not total. Further support for the jury's finding that the disability was the result of an injury may be found in the fact that immediately following the date petitioner says he was injured he was in the hospital for thirty-three days,

during eighteen days of which time his leg was in traction, and in the fact that respondent voluntarily paid petitioner maximum compensation for fourteen weeks.

■ Considering the entire record, we are not satisfied that the unresponsive statement of the witness, Parnell, probably caused the jury to return a different verdict from what it would have returned if the statement had not been made. Moreover, the jury must be presumed to have obeyed the instruction of the trial court and to have disregarded the statement of the witness. 41-B Tex. Jur., Trial, Civil Cases, § 300, p. 368. This court has held that prejudice flowing from this general type of statement is removable by instruction. King v. Federal Underwriters Exchange, 144 Texas 531, 191 S.W. 2d 855, 856. Argument of counsel which is improper only because it is calculated to arouse prejudice is usually regarded as the "curable" type. Wade v. Texas Emp. Ins. Ass'n., 150 Texas 557, 244 S.W. 2d 197, 200.

The Court of Civil Appeals cited in support of its judgment only one case, the Kentucky case of Kaufman-Straus Co. v. Short, 311 Ky. 78, 223 S.W. 2d 367. The opinion in that case indicates that reversal was ordered because of a voluntary statement of a witness which injected insurance into the case. The case is not controlling here.

Respondent cites Walgreen-Texas Co. v. Shivers, 137 Texas 493, 154 S.W. 2d 625; Miller v. Burgess, Tex. Civ. App., 136 S.W. 1174, no writ history; Humphreys v. Roberson, 125 Texas 558, 83 S.W. 2d 311, and Security Union Ins. Co. v. Alsop, Tex. Civ. App., 1 S.W. 2d 921, no writ history, all of which are distinguishable from the instant case in two particulars, to wit: in none of the cases was objection sustained and the jury instructed not to consider the prejudicial argument of counsel, and all of the cases were decided before the adoption of Rules 434 and 503. The rule under which those cases were decided is made clear in Humphreys v. Roberson, supra, where it is said: "It must clearly appear that no injury could have resulted from the argument or the case will be reversed." Standard Accident Ins. Co. v. Terrell, 5th Circuit, 180 F. 2d 1, 4, cited by respondent, also applied the rule of "presumed prejudice" as is evidenced by the following statement in the opinion. "Where as here error is shown, the rule is well established that there should be reversal unless it affirmatively appears from the whole record that it was not prejudicial."

The statement of the witness in this case is not comparable with the argument made the basis of reversal in either Trinity Union Ins. Co. v. Chafin, Tex. Civ. App., 229 S.W. 2d 942, writ refused, N.R.E.; Stewart Oil Co. v. Brown, Tex. Civ. App., 134 S.W. 2d 375, no writ history; Texas & P. Ry. Co. v. Jefferson, Tex. Civ. App., 131 S.W. 2d 175, no writ history.

■ Before we reverse the judgment of the Court of Civil Appeals we must look to the briefs of the parties before that court to see if there is any ground on which the judgment of the Court of Civil Appeals should be affirmed.

Respondent had one other point of error before the Court of Civil Appeals. It was, in effect, that the trial court erred in entering a judgment for petitioner because there was no basis upon which to compute the compensation to which the appellee was entitled. In this connection, respondent points out that the jury found that petitioner worked substantially the whole of the year preceding his injury and argues that the rate of compensation to which petitioner is entitled must, therefore, be obtained by finding 80% of 60% of his average weekly wage. No issue was submitted to the jury for the purpose of determining petitioner's average weekly wage. The trial court did submit an issue inquiring as to the average weekly wage of other employees of the same class who had worked substantially the whole of the year, immediately preceding the date of plaintiff's injury, in the same or similar employment, and the jury answered that the average weekly wage of such other employees was $51.00. Taking 80% of 60% of this figure the trial court arrived at a compensation rate for petitioner of $24.48 per week.

The argument that the rate of compensation should, under the circumstances, be based on petitioner's own average weekly wage rather than on the average weekly wage of other employees, is undoubtedly correct. Art. 8309, secs. 1 and 2, V.A.T.C.S.; American Emp. Ins. Co. v. Singleton, Tex. Com. App., 24 S.W. 2d 26. It is true, also that no issue was submitted on, and the jury made no finding of, the average weekly wage of petitioner, but respondent made no objection to the charge because of the omission.

The record discloses that at the time of his injury petitioner was a truck driver, and the jury found that he had worked in that employment for substantially the whole of the year preceding his injury. The sufficiency of the evidence to support

that finding was not questioned by respondent. That issue and the issue of average weekly wage are necessarily referable to each other in the fixing of the compensation rate. The evidence is undisputed that petitioner's wage rate as a truck driver was $1.02 per hour, with time and a half for each hour worked over forty hours per week, and that he worked a minimum of eight hours per day. Petitioner and one other employee testified that truck drivers worked six days per week. It thus appears there is evidence to support an implied finding by the trial court that petitioner's average weekly wage was $51.00. Under the provisions of Rule 279, Texas Rules of Civil Procedure, we are required to imply such a finding in support of the judgment. Barron v. Texas Emp. Ins. Ass'n., Tex. Com. App., 36 S.W. 2d 464,468; Traders & General Ins. Co. v. Wimberly, Tex. Civ. App., 85 S.W. 2d 343, 345, writ dismissed.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed. The parties will have fifteen days from this date in which to file motions for rehearing.

Opinion delivered, June 13, 1956.