**F. H. GROSSMAN, Individually and d/b/a Dixie Cab Company, Appellant,**

v.

**James Paul TINER, Appellee.**

No. 3849.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

Rehearing Denied June 22, 1961.

---

Spiner, Pritchard & Thompson, Clark G. Thompson, Troy T. Stokes, Aubrey L. Roberts, Don K. Townsend, Houston, for appellant.

Harry Burns, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment in favor of plaintiff, upon a jury verdict, in a rear end collision case. Plaintiff brought this suit for personal injuries sustained by his wife, while a passenger in the car plaintiff was driving, as a result of defendant's car colliding into the rear end of plaintiff's car when plaintiff's car was stopped at an intersection red light stop sign. Trial was to a jury which, in answer to Special Issues, found:

1) Defendant's driver failed to apply his brakes as would a person of ordinary prudence.

2) Such failure was a proximate cause of the collision.

3) Defendant's driver failed to keep a proper lookout.

4) Such failure was a proximate cause of the collision.

5) Defendant's driver was following plaintiff's car too closely.

6) Such was a proximate cause of the collision.

7) Plaintiff's car did not come to a sudden stop immediately prior to the collision.

9) The collision was not the result of an unavoidable accident.

10) The damage issue was answered $12,000.

Upon the foregoing jury verdict in favor of the plaintiff, the Trial Court entered judgment for plaintiff.

Defendant appeals, contending:

1) There was no evidence that defendant failed to make proper application of his brakes. (Issue 1)

2) There is insufficient evidence to support the jury's finding that defendant failed to make proper application of his brakes. (Issue 1)

3) There is no evidence that defendant failed to keep a proper lookout. (Issue 3)

4) The evidence is insufficient to support the jury's finding that defendant failed to keep a proper lookout. (Issue 3)

5) There is no evidence that defendant followed too closely. (Issue 5)

6) The evidence is insufficient to support the jury's finding that the defendant followed too closely. (Issue 5)

7) Issues 2, 4, and 6 on proximate cause should not have been submitted because Issues 1, 3, and 5 should not have been submitted.

8 and 9) The Trial Court erred in overruling defendant's motion for mistrial and for new trial for the reason that plaintiff injected the question of insurance into the case.

We revert to defendant's contentions 1) through 7). The record reflects that plaintiff stopped his car at an intersection red

light stop sign; that in a second or so his car was violently smashed from the rear; that such blow from the rear was very strong and sudden; that nobody blew a horn from behind plaintiff; that plaintiff heard no screeching of brakes; that the day was a clear day and there was no obstructions. Defendant testified he applied his brakes but couldn't stop his car in time. Defendant's complaint in his contentions 1) through 7) is that since there is no *"positive testimony"* supporting the jury findings as to *"application of brakes"*, *"lookout"*, and *"following too closely"*, that the plaintiff has not discharged his burden and that there is alternatively "no evidence" or "insufficient evidence" to support the findings complained of.

■ It is settled that both negligence and proximate cause may be inferred from the circumstances surrounding an event or happening and it is not necessary to prove these elements by direct and positive evidence. Houston E. & W. T. Ry. v. Boone, 105 Tex. 188, 146 S.W. 533; Bock v. Fellman, Tex.Com.App. adopted, 212 S.W. 635; English v. Miller, Tex.Civ.App., 43 S.W.2d 642, W/E Refused; Renshaw v. Countess, Tex.Civ.App., 289 S.W. 621.

■ From the record as a whole, we think there is ample and sufficient evidence to support the findings complained of, and that such findings are not against the great weight and preponderance of the evidence. See: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Fisher v. Franke, Tex. Civ.App., 321 S.W.2d 903 (no writ hist.); Carrico v. Busby, Tex.Civ.App., 325 S.W. 2d 413, n. r. e.

Defendant's 8th and 9th contentions are levelled at the failure of the Trial Court to grant a mistrial and/or a new trial, for the reason that plaintiff allegedly injected the question of insurance into the case.

The plaintiff, Mrs. Tiner, testified on redirect examination that she had a previous serious accident, and did not have a claim, lawsuit or settlement in connection with same.

On re-cross examination, defendant's counsel asked the following:

"Q. Mrs. Tiner, you never had an accident other than the two you told us about? A. That is right.

"Q. But you didn't bring a suit for the first one because there was nobody to sue, was there? A. Well, in the first accident, my husband, at that time, didn't have a driver's license. He was afraid he would get into trouble. Besides, it was a head-on collision with a man in an old pickup truck carrying 2 cows to an auction sale. The man was on the wrong side of the road, but it killed one cow and broke one's leg, and he was a very poor man. He didn't have anything or any insurance, so no use to sue them, and we just footed the bill as best we could.

"Q. And you have never had an injury prior to that time that you could have sued for? Is that right? A. That's right."

■ As noted, the complained of testimony from plaintiff was elicited by defendant's counsel on re-cross examination. We think defendant's counsel invited the error, if any, and in any event defendant made no motion requesting the court to strike the testimony and instruct the jury not to consider same. Defendant complains of such testimony for the first time in motion for mistrial apparently filed nunc pro tunc after judgment in the case, and in motion for new trial.

Further to the foregoing, from an examination of the record as a whole, we do not think that such testimony, if error, was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rules 434 and 505 T.R. C.P. Walker v. Texas Employers Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298; Mar-

tinez v. Williams, Tex.Civ.App., 312 S.W. 2d 742 (n. w. h.); Roosth & Genecov v. White, Tex.Civ.App., 281 S.W.2d 333 (N. R.E.); Siratt v. Worth, Tex.Civ.App., 263 S.W.2d 842; Russell v. Bailey, Tex.Civ. App., 290 S.W. 1108, W/E Dismissed.

All of defendant's points are overruled and the judgment of the Trial Court is Affirmed.