**CITY OF ABILENE et al., Appellants,**

v.

**Irene JONES et al., Appellees.**

No. 3680.

Court of Civil Appeals of Texas.

Eastland.

Feb. 9, 1962.

---

3. See Bishop v. General Motors Acceptance Corporation, 229 S.W. 848, Austin Civil Appeals.

Eplen, Daniel, Hooper & Dickson, Abilene, for appellants.

Webb, Schulz & Stokes, McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellees.

WALTER, Justice.

Irene Jones, individually and as guardian of the estate of Joel V. Jones, filed suit against the City of Abilene and Elmer Finch for damages. The city filed a cross action against a third party defendant, Norris, Hanley & Norris, hereinafter referred to as Norris, who had a paving contract with the city. The city alleged that Norris was guilty of negligence and of negligent entrustment and sought contribution and indemnity from Norris. The city also pleaded its contract with Norris.

The court ordered a severance and rendered a summary judgment for Norris. Jones was employed by Norris at the time of his accident. Norris carried workmen's compensation insurance with Texas Employers' Insurance Association, hereinafter referred to as T. E. I. A. Jones received workmen's compensation benefits from T. E. I. A. and this suit was brought by Jones for

the joint use and benefit of himself and T. E. I. A. Based on a verdict, judgment was rendered for Jones against the City of Abilene and Elmer Finch for $100,000.00.

■ The city and Finch have appealed and by their first point contend the court erred in refusing them the right to plead and have determined the amount of T. E. I. A.'s subrogation claim. Article 8307, Section 6a, Vernon's Ann.Civ.St., provides that when compensation is claimed the insurance company shall be subrogated to the rights of the injured employee and may enforce such rights in the name of the injured·employee or in its own name. In Yeary v. Hinojosa, Tex.Civ.App., 307 S.W. 2d 325, (Writ Ref. N.R.E.), the court said: "It is no concern of the negligent defendant how the money recovered may be divided between Hinojosa and the insurance carrier. Under the facts of the case at bar, the matter of subrogation was not for the jury, nor was it necessary to have a finding thereon by the court since Hinojosa and the insurance carrier are in agreement."

A trial amendment signed by attorneys for Jones and attorneys for T. E. I. A. asserted that T. E. I. A. carried Norris' workmen's compensation insurance; that under its policy it had paid Jones workmen's compensation benefits and that it was entitled to its statutory right of subrogation; that this suit was brought for the joint use and benefit of Jones and T. E. I. A. as authorized by statute; that any judgment entered be in the name of Jones without specific apportionment of any part of the judgment to T. E. I. A.

■ The city contends that because the court did not set out in its judgment the amount of T. E. I. A.'s subrogation claim, it is subjected to payment of double damages. This may be true if said judgment is not res adjudicata of T. E. I. A.'s subrogation claim. The "judgment roll" embraces the written pleadings, the court's charge, the verdict and the final judgment.

Permian Oil Co. v. Smith et al., 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1152. We hold the judgment is res adjudicata of T. E. I. A.'s subrogation claim.

■ The city contends the court erred in granting Norris' motion to sever and Norris' motion for a summary judgment. It was established that Norris carried workmen's compensation insurance with T. E. I. A. and that Jones was Norris' employee and that T. E. I. A. had paid Jones some workmen's compensation benefits. The city could not recover over against Norris for contribution or indemnity. Westfall v. Lorenzo Gin Company, Tex.Civ.App., 287 S.W. 2d 551; West Texas Utilities Company v. Renner, 53 S.W.2d 451, (Com.App.).

The jury found that Finch, who was an inspector for the city, failed to keep a proper lookout, was negligent in attempting to pass Jones, was negligent in failing to keep his automobile under proper control and that each of said negligent acts was a proximate cause of the collision. The jury did not find Jones guilty of any act of negligence which was a proximate cause and found the collision was not the result of an unavoidable accident.

■ The city pleaded (a) that Norris furnished Jones with an ordinary farm tractor which was not suitable for industrial use (b) that Jones was an unsafe and incompetent operator and Norris was negligent in entrusting said tractor to him. "In connection with the two preceding paragraphs defendants say that said two acts of negligent entrustment, either individually or concurring together, were the sole proximate cause of said accident." The court sustained Jones' exception to this pleading and the city contends this was error. At the time the court sustained the exception, he informed the city that he would permit them to plead sole proximate cause predicated upon Jones' operation of what they alleged to be a defective tractor. The city refused to so amend. No abuse of discre-

tion of the trial court or injury to the city resulting from overruling the exception has been shown. "Moreover, a large measure of discretion is lodged in the trial court in passing on the exceptions to the pleadings, as well as to the time that he hears the same, and, in the absence of a showing of abuse of discretion or injury resulting from the ruling of the trial court, the ruling will not be disturbed." Southern Underwriters v, Hodges, Tex.Civ.App., 141 S.W.2d 707, (Writ Ref.).

■ Jones' attorney asked an officer if he issued a traffic ticket to either of the parties involved in the accident. The court sustained the city's objection and instructed the jury not to consider it for any purpose. The jury must be presumed to have obeyed the instructions of the court and to have disregarded the question. Walker v. Texas Employers' Insurance Ass'n, 155 Tex. 617, 291 S.W.2d 298. The Supreme Court in Younger Brothers, Inc. v. Myers et al., 159 Tex. 585, 324 S.W.2d 546, at page 550, said: "We are unwilling to accede to the proposition that juries pay little or no attention to the instructions of trial judges."

The city contends there was no evidence to warrant the submission of the damage issue in so far as future medical care was concerned.

■ It was stipulated that Jones' medical expenses to the time of the trial had been $25,981.56. Jones required drugs regularly which cost from $100.00 to $150.00 per month. He has been unconscious since May 4, 1959, is fed a special formula through a tube, has a tube in his bladder, has had a tracheotomy and it is necessary to clear his throat regularly with a suction machine and maintains a shift of nurses around the clock. It was stipulated that a man 67 years of age has a normal life expectancy of 10.42 years. Jones' treating physician and surgeon testified he would live about five years from the date of his injury and that he will continue to require drugs, at least to the extent that he is now requiring them, the nurses and special equipment so long as he lives. We hold the record contains some evidence of probative value on future medical expenses.

The amount of the verdict is not excessive compensation for Jones' damages. The city has failed to show that the verdict was not the result of calm and conscientious deliberation of the jury, uninfluenced by passion or prejudice.

We have examined all of appellants' points, and find no merit in them and they are overruled.

Judgment affirmed.