Joe PATRANELLA, d/b/a DeLuke's
Grocery, Appellant,

v.

William SCOTT, Appellee.

No. 4158.

Court of Civil Appeals of Texas.

Waco.

Sept. 12, 1963.

Cofer & Dillon, Bryan, for appellant.

W. C. Davis, Bryan, for appellee.

McDONALD, Chief Justice.

Plaintiff Scott brought this suit against defendant Patranella for personal injuries and damages sustained by him as a result of falling over a stool in defendant's store. Trial was to a jury which found that defendant was guilty of negligence in leaving the stool in the aisle, which negligence proximately caused plaintiff's injuries. The jury acquitted plaintiff of contributory negligence, and fixed plaintiff's damages at $1040.

The trial court entered judgment for plaintiff for $1040. on the verdict. Defendant filed motion for new trial which, after hearing, was overruled.

Defendant appeals, contending:

1) The trial court erred in denying defendant's motion for new trial because it was obvious to the jury that defendant was covered by insurance from the testimony of the witness Harrison, remarks, and conduct of counsel for plaintiff, all of which resulted in prejudice and injury

to defendant and resulted in the rendition of an improper judgment.

2) The finding of $1040. by the jury to damage issue is against the great weight and preponderance of the evidence.

We revert to defendant's 1st contention that the injection of "insurance" into the case resulted in the rendition of an improper judgment. Plaintiff came into defendant's store to make a purchase; fell over a stool in the aisle, and suffered injuries to his back. He went to Dr. Harrison for treatment; Dr. Harrison X-rayed his back; gave him a brace to wear; prescribed medicines; and saw him 9 different times. Dr. Harrison testified as to the extent of plaintiff's back injuries, and as to the drugs that he prescribed for plaintiff. Dr. Harrison was asked whether it was necessary for him to approve plaintiff's drug bill for the medicines he prescribed, and he answered "yes sir", and then volunteered, "The only reason why it is necessary for me to put my name on there is the fact that the insurance companies, when you send them in, want you to initial and verify that he got them"; and "the insurance company, when these things are sent in, and they pay them, they want me to O.K. them for them, and that's the reason I always put O.K. and my initials on them. * * *"

■ Defendant's attorney objected and moved for a mistrial. The trial judge instructed the jury that insurance had nothing to do with the case and that they should disregard any reference to it whatsoever. Counsel for defendant then withdrew his motion for mistrial. We think that defendant in withdrawing his motion for mistrial and agreeing to the trial court's instruction waives right to complain at

this time; and that the trial court's instruction cured the error, if any. Moreover, there is no showing on hearing on motion for new trial that the matter affected the jury or harmed the defendant in any manner. Of the three jurors who testified on motion for new trial, none testified that the mentioning of insurance influenced them or any other juror. Moreover, the jury must be presumed to have obeyed the instruction of the trial court and disregarded the statement of the witness. Walker v. Texas Emp. Ins. Ass'n., 155 Tex. 617, 291 S.W.2d 298.

■ Finally, from an examination of the record as a whole, we do not think that such testimony, if error, was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rules 434 and 503, Texas Rules of Civil Procedure; Grossman v. Tiner, C.C. A. (n. r. e.), 347 S.W.2d 627; Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596.

■ Defendant's 2nd contention is that the verdict and judgment in the amount of $1040. is against the great weight and preponderance of the evidence. The record reflects that plaintiff had medical bills of $79.50; a drug bill of $17.45; was unable to work for a year; suffered loss in his business; hired additional help in his business due to his accident; and suffered pain and discomfort; wore a brace; used a cane; and still suffers from pain at the time of trial. We cannot say that the verdict and judgment are against the great weight and preponderance of the evidence.

All of defendant's points and contentions are overruled, and the judgment of the trial court is affirmed.