Ivan Jack WILSON, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 4008.

Court of Civil Appeals of Texas.

Eastland.

Sept. 23, 1966.

Rehearing Denied Oct. 28, 1966.

Phelps, Kilgarlin & Snell, Houston, for appellant.

McGregor, Sewell, Junell & Riggs, Houston, for appellee.

GRISSOM, Chief Justice.

This is an appeal by a claimant in a Workman's Compensation case from an unsatisfactory judgment against his employer's insurance carrier. Claimant contended that, in addition to an injury to his foot, for which he recovered, he received an injury to his back and neck. A jury found that his foot was injured but that he did not sustain an injury to his back or neck. The court rendered judgment on the verdict for the loss found to have been sustained as a result of the foot injury and the claimant has appealed.

Appellant's first two points of error are that the court committed reversible error in sustaining defendant's objection and refusing to permit him to prove that defendant's counsel had (1) caused myelographic films of plaintiff's spine to be viewed by Dr. Wigby, a Houston radiologist, but had not called him to testify and (2) in directing plaintiff's counsel not to comment thereon in his argument. Appellant contends that the issue as to whether plaintiff had a ruptured disc in his back was so highly controverted that he desired to show that defendant had, during the trial, caused Dr. Wigby to look at said pictures but had not called him to testify, so that plaintiff might argue to the jury that the testimony of Dr. Wigby would have been adverse to defendant's position. Appellant says that such evidence was material and relevant, that it

was pertinent to the dispute concerning whether appellant, in addition to a foot injury, suffered an injury to his back causing a protruding or herniated disc; that it must be concluded that the failure to call said doctor bore a logical connection, though but inferentially, that his testimony would have been unfavorable to defendant's contention that he had no back injury. In this connection, it should, perhaps, be pointed out that in appellant's bill of exception appellee's counsel, as a witness, was further questioned and answered as follows:

"Q. You would call Dr. Wigby, would you not, if you thought he would help your case?

A. No, that is not true."

Appellant says the record shows that said ruling, which deprived him of an opportunity to argue an inference that Dr. Wigby's testimony would have been harmful to appellee, was reasonably calculated to cause and probably did cause rendition of an improper judgment. This is the controlling issue. Appellee's counsel's testimony that he would not have called said witness even if he had thought his testimony would help his case was neither questioned nor disputed and no explanation thereof was asked for. There was no effort to show that Dr. Wigby had an opinion that the films showed a back injury, or vice versa. Counsel's testimony was that said doctor had not been paid and he did not expect him to be paid for looking at the films. The jury, of course, knew that Dr. Wigby had not been called. It is questioned whether it was material and admissible that appellee's counsel caused said doctor to examine the films and, if both admissible and material, whether appellant has sustained his burden of showing that the court's ruling was reasonably calculated to cause and probably did cause rendition of an improper judgment. We hold that appellant has not sustained that burden.

Our Supreme Court in Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, settled any question that Texas Rule of Civil Procedure 434 applies to improper argument. It provides that no judgment shall be reversed unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. It was there held that the question whether the error was reasonably calculated to cause and probably did cause rendition of an improper judgment must be determined "in the light of the whole record." Considering the state of the evidence and viewing said question in the light of the whole record we conclude that appellant has not discharged his burden of showing reversible error. Our conclusion that reversible error is not shown is supported by the following authorities. In Dallas Railway & Terminal Company v. Oehler, 156 Tex. 488, 296 S.W.2d 757, 759, administrator Oehler's decedent was hit by a street car at an intersection and died as a result. Immediately following the accident the car operator caused five passengers on the street car to fill out slips of paper and return to him giving their names and addresses. Defendant's counsel was called as a witness by the plaintiff. He testified that he had said slips in his possession. He objected to producing them on the ground they were privileged. The objection was sustained. None of the passengers were called as witnesses. The plaintiff asserted such action constituted reversible error. The defendant contended that, in any event, the plaintiff had not discharged his burden of establishing that the rulings were reasonably calculated to cause and probably did cause rendition of an improper judgment so as to entitle him to a reversal under Rule 434. The court said that what the plaintiff hoped for was, to require that the names of the passengers be divulged so that they could be called as witnesses. Judge Calvert said that the ends of justice might have been better served by calling the passengers to the stand but as to that the court could not say for it had no way of knowing whether any of the passengers could have or would have given testimony of value. Here, the plaintiff did not want to call Dr. Wigby to the stand. Presumably, he could have done so. Plaintiff contends only that he should have been permitted to prove that defendant's counsel caused Dr. Wigby to examine the films, so that plaintiff's counsel could argue that the reason defendant did not call him was because his testimony would not have helped the defendant. The witness testified that he would not have called Dr. Wigby to the witness stand even if he thought he would help his case. As said by Judge Calvert, in the Oehler case, we have no way of knowing whether Dr. Wigby could have or would have given testimony of value.

Our Supreme Court said in Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298, 301:

"Before an error may be made the basis of reversing a trial court judgment the appellate court must be satisfied that the error complained of 'was reasonably calculated to cause, and probably did cause the rendition of an improper judgment in the case.' Reversal may not be predicated upon a simple showing that error occurred and that the jury returned a verdict in some respects favorable to the party the error was reasonably calculated to help. If it could, the further provision of Rules 434 and 503 that it must also appear that the error 'probably did cause, the rendition of an improper judgment' would be meaningless and pointless.

A determination of whether the error 'probably did cause, the rendition of an improper judgment' by influencing the jury to return a verdict it probably would not otherwise have returned is to be made from an examination of the rec-

ord as a whole, City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863, including the 'state of the evidence.' Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367, 370."

Our Supreme Court in Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277, 281, again speaking through Chief Justice Calvert, stated the applicable rule as follows:

"To say that the conduct of counsel probably caused the rendition of an improper judgment we would first be compelled to conclude from a review of the record that but for that conduct the jury would probably have answered the issues in such fashion as to impose liability on the defendant. It is not enough to say that the jury might possibly have done so. Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596, 600."

■ Appellant presents a third point to the effect that in perfecting his appeal he asked only for the testimony directly pertinent to his points but that appellee required a complete statement of facts and that the cost of this additional evidence should be charged to appellee. The decisions quoted from above to the effect that in determining whether an error was reasonably calculated to cause and probably did cause rendition of an improper judgment, by influencing the jury to return a verdict it probably would not otherwise have returned, is required to be made from an examination of the "whole record" is decisive of the point. See Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298, 301. The fact that in determining the vital question presented we are required to examine the "whole record" and "look to the state of the evidence" answers appellant's contention that appellee should be required to pay the cost of the additional testimony. The contention is overruled.

The judgment is affirmed.