**ANGELINA CASUALTY COMPANY,**
**Appellant,**

v.

**Dale Blanton RUSSELL, Appellee.**

**No. 4144.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 13, 1967.

Rehearing Denied Feb. 3, 1967.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellant.

R. W. Fairchild, Nacogdoches, for appellee.

COLLINGS, Justice.

Dale Blanton Russell brought suit against Angelina Casualty Company to recover benefits under the Workmen's Compensation Act. The trial was before a jury which found plaintiff entitled to compensation benefits in a lump sum and $381.00 for necessary medical expenses. Based upon the verdict, judgment was rendered against the defendant. Angelina Casualty Company has appealed.

■ Appellant's first three points complain of the action of the court in permitting appellee's wife, Mrs. Russell, to stand before the jury and display the deformity of her lower limbs over appellant's objection, and in overruling appellant's motion for a new trial because of alleged prejudicial and inflammatory argument to the jury by appellee's attorney in connection with such deformity. Appellant's objection to the display to the jury was in substance as follows:

We object to any further questioning along this line. It is evident that this didn't occur at the paper mill and no suit has been brought for it. The only issue upon which it could be material would be the question of lump sum and we think the fact that she has had an operation and is unable to work should be sufficient without trying to influence the jury by any demonstration in the court room.

In our opinion no reversible error is shown. The condition of Mrs. Russell's leg and foot had been testified to by Mr. Russell without objection. Mrs. Russell also took the witness stand and testified concerning the condition of her foot and leg and which were observed by the jury. It does not appear that there was anything about Mrs. Russell's appearance as shown by the exhibition or demonstration complained of other than what was described by the unobjected to testimony of Mr. and Mrs. Russell. Appellant's first point is overruled.

In his closing argument appellee's counsel made the following statement in reference to Mrs. Russell:

"Oh, that hurt them real bad you know, that we mentioned about this deformed woman. He said, Oh, 'Southland didn't cause that.' Well, of course, they didn't cause it. That came from birth. But it has to do with their financial condition, doesn't it. She can't get out and help bring in groceries. It is up to him to do it."

In his closing argument appellee's counsel also stated:

"Why they even had the audacity to say that I advanced him this money so he wouldn't have to work. I advanced him so him and that crippled wife and baby could live."

Appellant's second and third points complain of the action of the court in overruling its motion for a new trial because of such argument, asserting it was highly prejudicial and inflammatory and that it violated the court's instructions that the evidence concerning the physical infirmities of appellee's wife should be limited and confined to the issue of whether the compensation, if any, to which plaintiff might be entitled should be paid in a lump sum. These points are overruled.

■ The quoted arguments were in legitimate reply to argument made by counsel for appellant. No objection was made at the time. The argument was not of such nature that it was reasonably calculated to cause or probably did cause the rendition of an improper judgment. Rule 434, Tex.Rules of Civil Procedure. Even if the argument should be held to be improper it was not of such a nature that the effect could not have been cured by an in-

struction by the court not to consider it. Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298 (1956).

Appellee Russell testified that on the 13th day after the explosion in which he was injured he carried an instrument or slip signed by Doctor Thames to the First Aid Office at the paper mill; that he could not recall the exact wording of the writing on the instrument but indicated that the writing was, in effect, a certificate that he had been ill with a laceration of the face but was then able to return to work. He stated that the only "release to work" given him was a green slip dated April 8, 1961, introduced in evidence as plaintiff's exhibit 33, which he had taken to and thought he had left at the First Aid Office. Doctor Thames testified that all of exhibit 33 including the signature was in his hand writing. Defendant's exhibit number 1 was a card dated April 11, 1961 with wording thereon identical with the wording in plaintiff's exhibit number 33. However, the only hand writing on the card was the date noted thereon and the signature of Doctor Thames. Appellee testified that he had never seen defendant's exhibit 1 at any time before the trial. A nurse at the paper mill identified appellant's exhibit 1 as a "return pass" dated April 11, 1961 delivered to her in the First Aid Office by appellee on April 10, 1961. In questioning the witnesses concerning these controversial exhibits and the argument of the attorneys to the jury a dispute developed in which each of the attorneys questioned the authenticity of the exhibits introduced by the other.

■ In appellant's fourth point it is contended that the court erred in overruling its motion for a new trial because of argument by appellee's attorney to the jury attacking the honesty and integrity of appellant's attorneys and in effect accusing them of forging an instrument or of having knowledge of a forged instrument which they introduced into evidence as appellant's ex-

hibit 1. We have examined the record in connection with the argument complained of and find that it was in legitimate reply to argument made by appellant's counsel. Corn v. Crosby County Cattle Company, 25 S.W.2d 290 (Tex.Com.App.); Price v. Humble Oil & Refining Company, 152 S.W.2d 804 (Tex.Civ.App.1941, ref. w. m.); Travelers Insurance Company v. Pierce, 358 S.W.2d 947 (Tex.Civ.App., no writ history). Furthermore in our opinion the argument complained of was not reasonably calculated to cause and did not probably cause the rendition of an improper judgment. Rule 434, supra; Aultman v. Dallas Railway and Terminal Company, 152 Tex. 509, 260 S.W.2d 596 (1953). Appellant's fourth point is overruled.

■ Also in his closing argument counsel for appellee in discussing the testimony of Doctor Beall and particularly in reference to the fact that appellant's counsel had objected to a portion of his argument as a misquotation of the evidence, stated as follows:

"That is exactly what I am telling you. * * * Dr. Beall did say that Mr. Garrison wrote it up and he had this man here at the expense of Angelina Casualty Company to write it up. *But this man here and his wife haven't got the money to hire that kind of stuff.*" (Emphasis ours)

Appellant's fifth point asserts that the court erred in refusing to grant its motion for a new trial because of the above argument. Appellant made no objection at the time but urges that the argument was prejudicial and inflammatory in that it was an unwarranted comparison of the relative wealth of the parties and emphasized the fact that appellee did not have the money to make a transcript of the testimony as did appellant. Actually the reference to the financial condition of the parties was on its face merely incidental to the dispute between the attorneys concerning the testimony of Doctor Beall. Considerable evidence concerning appellee's financial con-

dition was already before the jury. The argument in our opinion was not such that it was reasonably calculated to cause or probably did cause the rendition of an improper judgment. No reversible error is shown. Appellant's fifth point is overruled.

We also overrule appellant's sixth point in which it is urged that the court erred in failing to grant appellant a new trial because of the cumulative effect of the jury arguments complained of. The record does not present such an accumulation of breaches of the rules of argument as to require a reversal of the judgment. King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855 (1946).

The judgment is affirmed.