**Mrs. Charlie GREEN, Appellant,**

v.

**OLD SECURITY LIFE INSURANCE COMPANY et al., Appellee.**

No. 17597.

Court of Civil Appeals of Texas, Dallas.

April 16, 1971.

Rehearing Denied May 7, 1971.

Otto B. Mullinax, Mullinax, Wells, Mauzy & Collins, Dallas, for appellant.

Robert A. Stripling, Jr., Bonney, Wade & Stripling, Dallas, for appellee.

BATEMAN, Justice.

Stripped of procedural nonessentials, this appeal involves the sole question of whether the appellant Mrs. Charlie Green alleged a cause of action upon which she could recover.

She filed an original petition and two amended original petitions. In each of them she alleged the issuance to her deceased husband by the appellee Old Security Life Insurance Company of a $2,000 policy of life insurance upon his life, a copy thereof being attached as Exhibit "A". Against each petition appellee levelled special exceptions to the allegations of the issuance of a valid and binding policy of insurance and to Exhibit "A", principally upon the ground that the said Exhibit "A" does not appear to be a policy of insurance as alleged, but only the agent's copy of a certificate evidencing the existence of a policy, and because the plaintiff had failed to attach a copy of the insurance policy upon which she sues or allege why she did not do so. These special exceptions were repeatedly sustained by the trial court. Appellee also moved to strike the pertinent paragraphs of the second amended original petition and Exhibit "A" attached thereto because they were in violation of the court's prior order. This motion was also sustained. Appellant refused to amend further, whereupon the case was dismissed.

The exhibit which was attached to the three petitions, and alleged by appellant to be a copy of the policy of insurance sued on, was as follows:

**INDIVIDUAL CERTIFICATE OF GROUP LIFE INSURANCE WITH DISABILITY BENEFITS**

**Old Security**
LIFE INSURANCE COMPANY
KANSAS CITY, MISSOURI
(Herein called the Company)

STOCK NO. 353

**SCHEDULE**

No. 23586

| Name of Insured — Address | Age |
|---|---|
| CHARLIE GREEN 1023 E. RUSSELL CARROLLTON TEX | 61 |

| Effective Date | Term of certificate | Creditor Beneficiary — Name, City & State |
|---|---|---|
| 8-17-68 | 12 Mos. | 1ST NAT'L BANK DALLAS |

| Coverage: Single Premium Group Life Ins. with disability benefits | Initial Amt. of Insurance | Premium For Term | Cov. 82: | Form 415 | Name of Second Beneficiary |
|---|---|---|---|---|---|
| | 2000.00 Monthly disability benefit | $20.00 | | | Relationship of Second Beneficiary |

I hereby request that the above numbered policy be cancelled as of twelve o'clock noon, Standard Time, on the date of cancellation shown below. I further acknowledge receipt of the amount of refund shown below as a refund in full of the unearned portion of the premium actually paid by me for said policy.

Date_____

WITNESS    SIGNATURE OF INSURED

Date of Cancellation_____    Refund $_____
[A4014]

**AGENTS COPY**

Appellant made the First National Bank in Dallas a defendant, but alleged that it "should be aligned as Plaintiff or as its interest may indicate." The record before us does not show that the bank was ever served or that it answered. The judgment decreed a severance of the causes of action of appellant and the bank, and dismissed the former without prejudice to the refiling of same.

Under her first, second, third and sixth points of error on appeal the appellant insists that her latest petition stated a cause of action, that the above quoted exhibit to the petition is a proper instrument upon which to seek recovery as a contract of insurance; that even if the exception to Exhibit "A" were valid the petition would still stand as it alleged the substance of an insurance contract aside from the exhibit; and that for all of these reasons the court erred in dismissing the suit. We do not agree with appellant.

She has persistently taken the position that the exhibit is a true copy of the contract of insurance on which her suit is based. When the special exceptions were sustained, she had the right to amend again and, if the exhibit was not a true copy of the policy on which she relied, she was given ample opportunity to attach a true copy of the insurance contract or explain why she was not able to do so. She vigorously contends in this court that the exhibit contains all the elements of an insurance contract required by statue. Her position apparently is that if the exhibit does not constitute a valid contract of insurance she has no right of recovery. She does not suggest that upon a trial of the case she could prove any other contract of insurance.

■ In our opinion, the above quoted exhibit is not a policy of life insurance on the life of Mr. Green upon which his widow or his estate had any right of recovery. It contains no agreement to insure Green's life or to pay his estate or his widow any sum of money upon his death. It is unsigned. It is obviously a mere certificate or memorandum to indicate the existence of a $2,000 policy on Mr. Green's life, but the only beneficiary named is the First National Bank in Dallas. Neither Green's wife nor his estate is named even as a second or contingent beneficiary, although the exhibit contains a blank space for such designation. It thus appears from appellant's own pleading that if appellee is under any liability by virtue of such a policy such liability is only to the First National Bank in Dallas.

The use in the exhibit of the words "Initial Amt. of Insurance" and "Creditor Beneficiary," together with the designation of the Bank as the sole beneficiary, indicates that the policy to which the exhibit refers is probably one of credit life insurance. The statutory regulations of credit life insurance are found in Article 3.53 of the Insurance Code of Texas, V.A.T.S., and Section 4 thereof provides that the initial amount of such credit life insurance "on any debtor shall not exceed the total amount repayable under the contract of indebtedness and, where an indebtedness is repayable in substantially equal installments, the amount of insurance shall at no time exceed the scheduled or actual amount of unpaid indebtedness, whichever is greater."

We therefore hold that the trial court correctly sustained the special exceptions and motion to strike and that, upon appellant's refusal to amend, the court properly dismissed the case. Accordingly, her first, second, third and sixth points of error are overruled.

■ The trial court also sustained a special exception based upon the failure of appellant to allege the name of the agent or agents who accepted the premium and issued a receipt to appellant's husband and who furnished a copy of said alleged policy to him. Under her fourth and fifth points of error appellant says that this was error because, having alleged that Mr. Green paid the premium to the appellee and that appellee had issued the policy, it was unnecessary for her to allege the name of the agent. Appellant could easily have alleged the name of such agent or, if she did not know it, that she was for that reason unable to do so. A large amount of discretion is given the trial court in passing upon special exceptions, and unless abuse of that discretion is shown or injury resulting from the ruling, the ruling will not be disturbed on appeal. Here, we see no abuse

of discretion and no injury. Southern Underwriters v. Hodges, 141 S.W.2d 707, 712 (Tex.Civ.App., Waco 1940, writ ref'd); City of Abilene v. Jones, 355 S.W.2d 597, 600 (Tex.Civ.App., Eastland 1962, no writ). These points are also overruled.

The judgment is affirmed.