Martin A. SALINAS, Appellant,

v.

CASUALTY INSURANCE COMPANY OF CALIFORNIA, Appellee.

No. 13441.

Court of Civil Appeals of Texas.

San Antonio.

April 8, 1959.

Rehearing Denied May 6, 1959.

Putman & Putman, San Antonio, for appellant.

House, Mercer & House, San Antonio, for appellee.

POPE, Justice.

This is a Workmen's Compensation case. Plaintiff, Martin A. Salinas, recovered judgment upon a verdict which found that he sustained an injury which produced six weeks' total incapacity followed by fifty-two weeks of thirty per cent incapacity. Plaintiff claimed only a thirty per cent incapacity, but he had claimed three hundred weeks' duration. The appeal is grounded upon one point of error. The court refused to permit three of plaintiff's lay witnesses to testify concerning complaints of present pain and suffering made by Salinas between the time of the accident and the trial.

Plaintiff was drilling holes in concrete with a hammer and chisel at the San Antonio Refinery of the Howel Refinery Company on June 19, 1957. Men working overhead dropped a bolt which struck Salinas' right shoulder. The company doctor treated him at the site of the accident and he was then taken to the doctor's office by ambulance. Salinas claimed that there was disabling pain in the shoulder and back, and he testified about the ex-

tent and duration of the pain. At the time of trial, which was a little less than a year from the date of the accident, Salinas testified that he still endured pain. Two doctors, called by the defendant, denied that plaintiff had suffered any pain except for a short period after the injury. The company doctor testified that Salinas' injury was not serious. He said that Salinas was exaggerating his injury, and that he was partly faking. The company doctor had referred Salinas to an orthopedic surgeon for examination on July 16, 1957. That doctor testified that upon his first examination he concluded that Salinas was grossly exaggerating or malingering. He testified that Salinas was not suffering pain, and in answer to a question whether Salinas on his first visit was "lying" about his pain, he stated that he was.

Plaintiff, Salinas, called three different lay witnesses and tendered proof from them that his shoulder hurt him all the time. Two witnesses would have testified that Salinas complained of present pain in August and September, 1957, and another would have testified that he complained in April and May of 1958, just before the trial in June, that his shoulder hurt, that he never did feel good, that he always suffered pain, that "it was the same thing like last year."

■ Defendant objected to the evidence on the grounds that the questions were leading and hearsay. Our examination of the whole record shows that many of the questions asked in the development of the bill were not leading, and also that the real objection was that the evidence was incompetent. The evidence was re-offered after each bill of exception was completed. Statements of present pain are hearsay, but they are admissible as an exception to the hearsay rule. Roth v. Travelers' Protective Ass'n of America, 102 Tex. 201, 115 S.W. 31; Highway Ins. Underwriters v. Matthews, Tex.Civ.App., 246 S.W.2d 214; Houston Fire & Casualty Ins. Co. v. Ford, Tex.Civ.App., 241 S.W.2d 158; City of

Port Arthur v. Wallace, Tex.Civ.App., 167 S.W.2d 549, affirmed, 141 Tex. 201, 171 S.W.2d 480; 1 McCormick and Ray, Texas Law of Evidence (2d Ed.), §§ 832, 841, 842, 845.

■ Was the error harmful under rules 434 and 503, Texas Rules of Civil Procedure? To determine this, we must determine whether the exclusion of the evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. The harmless error rule requires the appellant to show that there would probably have been a different judgment, had the error not occurred. To determine this we must look to the whole record, and we have done that. In Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 600, it was said: " 'Probable' is said to mean 'having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely.' " Accord, Condra Funeral Home v. Rollins, Tex., 314 S.W.2d 277.

In support of the judgment and its point that the error was harmless, defendant says that the jury did not believe the defense witnesses, since they gave the plaintiff the full thirty per cent incapacity which he pleaded and which defendant denied. Defendant reasons that since the jury did not believe the defense witnesses in that important issue, they also must not have believed the defense witnesses about the duration of the disability.

■ There are several factors in this case, however, which guide us to the conclusion that the appellant probably suffered harm from the exclusion of the evidence. Evidence is the thing which proves cases to a jury. Without it, there is no case. How much of this necessary ingredient can be excluded without harm? Plaintiff had four witnesses available at the trial to prove the duration of his injuries, himself and three other persons. He

was permitted to testify, but his three other witnesses were denied the right to testify. We press the rule of harmless exclusion to the end point when we hold that error is harmless if the plaintiff, solely on his own testimony, makes out a bare prima facie case though all else is excluded on a controlling issue.

Also, while plaintiff was denied his proof of the duration of the injury, defendant's witnesses were permitted to testify about the identical matter. The purport of the unanimous opinion of the defense witnesses was that plaintiff was not disabled after about a month from the date of the accident. The defendant was permitted, and properly so, to produce several witnesses to deny the extent of the injury; but the plaintiff was denied the right to affirm his idea of the duration by any witness other than himself.

A third factor which presses upon the scales of probability is the fact that two experts for the defendant attacked the credibility and reliability of the plaintiff. They testified that in their opinion he was malingering, faking, grossly exaggerating, and "lying." Had plaintiff been permitted, he could have produced three witnesses to testify that over a period of almost a year plaintiff had complained of present pain. One witness would have told how he rubbed plaintiff's shoulder with Sloan's liniment and Volcanic several times each week for several weeks just before the trial. The reason present pain is admitted as an exception to the hearsay rule is that it is considered more reliable than most out-of-court statements. Plaintiff was denied all this testimony which would have helped prove, in this case, his own reliability. Because of the nature of the defendant's medical testimony, therefore, plaintiff was probably injured, since on the matter of reliability he had to stand on his own uncorroborated testimony.

Still another factor which we consider significant is that this excluded evidence related to a crucial issue. How long the disability continued went to the heart of plaintiff's claim. He was allowed fifty-two weeks but he claimed three hundred. Evidence of a year-long history of pain which continued up to the time of trial probably would have extended the duration at least for some period of time. We do not regard the plaintiff's burden to prove probable harm to be so onerous that he must prove that he would have received a verdict for the whole period claimed. The history of pain probably would have resulted in a verdict for some period less than three hundred, but probably more than fifty-two weeks.

Finally, while we do not simply count witnesses, the denial of three witnesses, all the plaintiff had, to testify, is something more than an incidental or minor error when taken with these other factors. Weaver v. Benson, 152 Tex. 50, 254 S.W. 2d 95; Sawyer v. Willis, Tex.Civ.App., 310 S.W.2d 398; Blanchard v. Blanchard, Tex.Civ.App., 293 S.W.2d 825. We conclude, therefore, from the whole record, that the error "inclines the mind to believe" and did "likely" cause the rendition of an improper judgment.

The judgment is reversed and the cause remanded.

W. O. MURRAY, C. J., did not participate in the decision of this case.