Santos **OLIVARES**, Appellant,

v.

**TRAVELERS INSURANCE COMPANY,**
Appellee.

No. 14787.

Court of Civil Appeals of Texas.

San Antonio.

June 4, 1969.

Rehearing Denied July 2, 1969.

Edwards, DeAnda & Arnett, John L. Johnson, Corpus Christi, Arnold Garcia, Alice, for appellant.

Lloyd, Lloyd, Ellzey & Loyd, Alice, for appellee.

BARROWS, Chief Justice.

A Texas Workmen's Compensation case. Appellant appeals from a judgment entered on a jury verdict whereby he recovered the sum of $149.71 for partial incapacity for 145 days, plus medical expenses in the amount of $462.45, as the result of an injury sustained on or about October 1, 1966.

Appellant, hereinafter referred to as plaintiff, alleged in his first amended original petition that he sustained an injury to his back on or about October 1, 1966, while employed by the Alice Meat Company while lifting hides. He further alleged that on February 23, 1967, he sustained a second injury to his back while lifting meat. He alleged that said injuries "each and both, from and after February 23, 1967," have rendered him totally and permanently incapacitated, and prayed for re-

covery of compensation benefits for 401 weeks. Appellee, hereinafter referred to as "Travelers," was the compensation carrier for Alice Meat Company at the time of plaintiff's first injury; however, Houston Fire and Casualty Insurance Company, hereinafter referred to as "Houston Fire," was the carrier at the time of the February 23rd injury. Both insurance companies were made parties defendant and plaintiff prayed for judgment against both companies, jointly and severally. The case was called for trial on August 26, 1968. Shortly before the selection of the jury, plaintiff entered into a settlement of his claim against Houston Fire for the February 23rd injury, and plaintiff's attorney verbally advised the trial court of this settlement. The trial court noted its docket sheet as follows: "Plaintiff's Motion to dismiss Houston Fire & Casualty Insurance Company is granted as per order to be filed."

Prior to entry of the final judgment in this cause, plaintiff moved to sever the cause of action against Houston Fire from that against Travelers. This was probably for the purpose of entering an agreed judgment in settlement of the claim for the February 23rd injury. See Manhattan Fire & Marine Ins. Co. v. Zuniga, 406 S.W.2d 796 (Tex.Civ.App.San Antonio 1966, no writ). However, there is no complaint on this appeal of the denial of said belated motion to sever the two causes of action.

Plaintiff asserts ten points on this appeal. He complains of the error of the court in permitting Travelers' attorney to repeatedly advise the jury that plaintiff had settled his claim against Houston Fire: by his voir dire examination of the jury panel: by introduction into evidence of plaintiff's pleadings and the trial court's docket sheet; and by jury argument. In addition, plaintiff asserts improper jury argument in going outside the record to infer that plaintiff had settled his claim for all disability after February 23rd for a large sum, and that the trial court and plaintiff's attorney would not let Travelers show the

amount of same. Plaintiff also urges that the trial court improperly permitted Travelers to introduce evidence that it was not the compensation carrier for Alice Meat Company on February 23, 1967. Plaintiff asserts, by his last two points, there is no evidence of probative force to support the jury's finding of partial incapacity of only 145 days, or, in any event, such finding is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

The general question of the admissibility of evidence in a compensation case relating to injuries or claims other than those sued for has been considered twice by the Supreme Court in recent years. In St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744 (1962), the Court considered the admissibility of evidence relating to two prior and one subsequent injuries. A motion in limine filed by Murphree was granted to limit St. Paul to showing only that he had received other injuries and the time he was off work from each. The primary issue involved in that case was exclusion of the amounts paid in settlement of the other claims. At the outset the Court said: "Pleadings in other actions which contain statements inconsistent with the party's present position are receivable as admissions. See McCormick and Ray, Texas Law of Evidence, 2nd ed. 1956, Vol. 2, § 1145, p. 34." Although some of the prior pleadings were found to be receivable as admissions and improperly excluded, the Court held that under the record the error in excluding the pleadings in other claims was harmless under Rule 503, Texas Rules of Civil Procedure. The Court held, however, that there was no error in excluding evidence of the sums of money obtained by Murphree in settlement of other claims, and said: "The amount paid in settlement of a compensation claim cannot amount to proof of the extent of injury. The amount agreed upon in settlement, therefore, can have no bearing on the actual extent of the injury." It was further held that evidence showing the nature and extent of the prior and subse-

quent injuries was admissible, inasmuch as it is the extent of the prior and subsequent injuries that reduces the insurer's liability. See Art. 8306, Subd. 12c, Vernon's Ann. Civ.St.

In Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup. 1963), the Court considered the admissibility of evidence relating to five other claims made by McCardell. The Court said that petitions, notices of injuries, claims for compensation and affidavits filed in connection with other injuries than the one sued on are hearsay and admissible only under an exception to such rule. One exception to this rule is an admission of a party against his interest in reference to a material matter. See McCormick & Ray, Texas Law of Evidence, 2nd ed. 1956, Vol. 2, § 1121. The Court said: "In order for a document otherwise condemned by hearsay to qualify as an admission it must contain some statement relevant to a material issue in the case and inconsistent with the position taken by the party against whom it is introduced." See also Aetna Casualty & Surety Company v. Depoister, 393 S.W.2d 822 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.).

We have a different situation here in that plaintiff's pleading in this case alleged that the injuries of October 1st and February 23rd, each and both, rendered him totally disabled, and a joint and several recovery was sought from Travelers and Houston Fire. Furthermore, he alleged that his disability began on February 23, 1967. Plaintiff's trial pleading was admissible in evidence as an admission, and the court did not err in permitting Travelers to read same to the jury. McCormick & Ray, supra, § 1144. Plaintiff concedes that the nature and extent of the February 23rd injury was fully admissible in evidence, but urges that it was improper to advise the jury in any manner that the cause was settled, much less the terms of the settlement.

Both parties assume by their briefs, and in fact the trial court assumed during the trial, that there was evidence before the jury that plaintiff had settled his claim against Houston Fire. However, we have found no direct evidence of this fact in the record. During the voir dire examination of the jury Travelers' attorney stated that "insofar as the injury which occurred on February 23, 1967, is involved, it has been disposed of and is not involved in this lawsuit." During direct examination of plaintiff, Travelers' attorney, in making an objection, stated that the claim against Houston Fire was settled, and just before the evidence was closed Travelers' attorney stated to the court that he wanted to show that settlement was made by plaintiff with the "fellow who had the insurance policy when the February 23rd injury occurred." The trial judge stated this had already been shown. The judge said: "In other words, all as I understand that Houston did, they settled their lawsuit for whatever it was. They have settled their lawsuit." The record is not clear, but these statements apparently were made in the jury's presence and hearing. Thereafter, over plaintiff's objection, the court permitted Travelers to read the docket entry regarding dismissal of the suit as to Houston Fire.

In view of the pleading of the injury of February 23, 1967, and the disability following same, the trial court did not err in permitting Travelers to show that its policy was cancelled prior to said injury. In the absence of such evidence, the jury could assume that Travelers had coverage on the employees of Alice Meat Company at all relevant times. Also, we believe it was proper to show that the claim against Houston Fire had been disposed of in that it was named as a party in the pleadings of plaintiff. However, it was immaterial that a settlement had been made, in that such fact does not determine the only issue before the jury, which is the extent of disability from the October 1st injury.

It is well settled that the amount paid by Houston Fire in settlement of the

February 23rd injury was not admissible for any purpose. St. Paul Fire & Marine Insurance Co. v. Murphree, supra. Here the trial court properly excluded such evidence. However, despite this exclusion, Travelers' attorney persisted in oral argument, in trying to get evidence of same before the jury. It was highly improper to tell the jury that the court and plaintiff's attorney would not permit him to introduce the amount paid in settlement. The appellate court, not the jury, is the proper forum for criticism of rulings of the trial court. Furthermore, Travelers probably gained more benefit from this improper argument than it would have gained by introduction of the amount of settlement, in that its attorney repeatedly suggested and inferred that a large settlement had been made by such statements as "they got their pockets full"; "you know that insurance company had to pay through the nose in order to get out of the case"; "he got paid for it"; "he's got the money in his pocket." After repeated suggestions and inferences as to the large amount of money Houston Fire had paid plaintiff in settlement, the trial court interrupted Travelers' attorney and stated that there was nothing in the record as to how much was paid. Counsel replied in the presence of the jury: "I haven't said so, Judge. You wouldn't let me put it in the record, that's why it isn't in the record. He didn't have the nerve to permit this Court to tell you how much money he got from Houston." The argument of Travelers' attorney is replete with statements of a similar nature. Plaintiff's attorney vigorously and timely objected to such improper statements. On two occasions when plaintiff's attorney objected, Travelers' attorney stated: "When you tell the truth on a fella, it kind of hurts, and he hollers, doesn't he?" and "when you hit him and he hurts, he hollers."

This argument was highly improper and prejudicial to plaintiff in that Travelers' attorney went outside the record to suggest to the jury that plaintiff had already been paid a large sum by Houston Fire in settlement for all disability following the February 23rd injury. Further, it was an improper criticism of the ruling of the trial court to exclude the amount paid by said settlement; and was an improper criticism of plaintiff's attorney for objecting to such improper argument.

■ The test for reversal for improper argument is that it must appear not only that the argument was improper, but that it was such as to satisfy an appellate court, after a review of all the record, that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P.; Texas Sand Co. v. Shield, 381 S.W.2d 48 (Tex.Sup.1964); Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953).

We conclude, after an examination of the entire record in this cause, that the cumulative effect of such improper statements and inferences by Travelers' attorney in this argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case. The verdict of the jury demonstrates that the jury believed, as counsel inferred, that plaintiff had been paid for all incapacity following the February 23rd injury. This is seen in that the jury terminated the period of partial disability on such date, but, nevertheless, they awarded the sum of $462.45 for medical expenses, although they consisted almost entirely of expenses incurred subsequent to the second injury.

The improper argument of Travelers' attorney requires a reversal of the judgment and remand of the cause. It is therefore unnecessary to discuss plaintiff's points relating to the sufficiency of the evidence to support the findings of the jury limiting the period of his disability from the October, 1966, injury.

The judgment of the trial court is reversed and the cause remanded.