**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

*Santos* **OLIVARES,** Appellee.

No. 14902.

Court of Civil Appeals of Texas,
San Antonio.

May 5, 1971.

Rehearing Denied June 2, 1971.

------

Lloyd, Lloyd, Ellzey & Lloyd, Alice, for appellant.

Edwards & DeAnda, Corpus Christi, Arnold Garcia, Alice, John L. Johnson, Corpus Christi, for appellee.

CADENA, Justice.

This is a workmen's compensation case.

Defendant, Travelers Insurance Company, appeals from a judgment, based on a jury verdict, allowing plaintiff, Santos Olivares, recovery for disability resulting from an injury suffered by him of October 1, 1966. The judgment awarded plaintiff $578.80 for a period of partial disability beginning October 1, 1966, and ending February 22, 1967 (20 weeks and 5 days), $5,514.22 for total and permanent disability from February 23, 1967, to the time of trial, January 8, 1970 (149 weeks and 2 days), and $7,417.06 for total and permanent disability for a period of 231 weeks following January 8, 1970. The three separate periods for which compensation was allowed total 401 weeks.

This suit was originally filed by plaintiff against defendant and Houston Fire and Casualty Insurance Company (Houston) claiming total and permanent incapacity flowing from two injuries sustained by plaintiff while he was an employee of Alice Meat Company. The first injury, which is the one involved in this suit, occurred on October 1, 1966, at a time when defendant was the insurance carrier for the employer. The second injury occurred on February 23, 1967, at a time when Houston was the insurance carrier for the employer (defendant's policy was cancelled January 30, 1967).

On the date that such case was set for trial, plaintiff settled his claim against Houston for the incapacity resulting from the February 23, 1967, injury, and the suit proceeded to trial against defendant for benefits due plaintiff as a result of the October 1, 1966, injury. The jury verdict in that case awarded plaintiff recovery for partial incapacity from October 1, 1966, to February 23, 1967.

The judgment entered in that case, in addition to awarding plaintiff recovery for 145 days of partial incapacity, dismissed plaintiff's suit against Houston, at plaintiff's cost. The portion of the judgment dismissing plaintiff's claim against Houston became a final judgment.

Plaintiff appealed that portion of the judgment allowing him recovery for only 145 days of partial incapacity against defendant as a result of the October 1, 1966, injury. This Court reversed such judgment and remanded the case to the trial court for a new trial because of improper jury argument by counsel for defendant. The dismissal of plaintiff's suit against Houston was not before us. Olivares v. Travelers Insurance Company, 442 S.W.2d 793 (Tex.Civ.App.—San Antonio 1969, no writ).

Following such remand, plaintiff amended his pleadings, alleging that the injury suffered by him on October 1, 1966, when defendant was the employer's insurance carrier, produced total and permanent disability. These pleadings did not mention the injury sustained by plaintiff on February 23, 1967.

We consider first defendant's contention that the answers to special issues 2, 3, 4 and 5 are in conflict with the answers to

special issues 6, 7, 8 and 9. [third point of error].

The answers to issues 2, 3, 4 and 5 establish that plaintiff suffered some total incapacity following the October 1, 1966, injury (issue no. 2); that the October 1 injury was a producing cause of such total incapacity (issue no. 3); that such total incapacity began on February 23, 1967 (issue no. 4); and that such total incapacity was permanent (issue no. 5). In answer to issues 6, 7, 8 and 9, the jury found that the injury of October 1, 1966, was the producing cause of some partial incapacity (issues no. 6 and 7); that such partial incapacity began on October 1, 1966, and lasted until February 23, 1967 (issues no. 8 and 9).

■ It is true, as defendant points out, that a finding of total incapacity during a given period is inconsistent with a finding of partial incapacity during the same period. However, we do not have such a situation here. In answer to the first cluster of disability issues, the jury found that the October 1, 1966, injury produced total incapacity beginning on February 23, 1967. These answers contain no findings, implied or otherwise, concerning plaintiff's condition prior to February 23, 1967. Findings that total incapacity began on February 23, 1967, cannot be interpreted as findings that such *total disability* existed before that date. There is, therefore, no conflict between such findings and the subsequent findings that, prior to February 23, 1967, when the total incapacity began, plaintiff was only partially disabled.

■ By its first point of error defendant contends that since plaintiff's claim against Houston for disability resulting from an injury sustained on February 23, 1967, had been settled and the court had entered a final judgment dismissing plaintiff's claim against Houston, plaintiff cannot, in this action, obtain further recovery for disability resulting from the February 23, 1967, injury.

As already noted, plaintiff's pleadings in this case contain no reference to any injury suffered by him at any time other than October 1, 1966. His claim for recovery is based solely on the disabling effects of that injury. No issues were submitted inquiring about the occurrence, or disabling effects, of the February 23, 1967, injury or of any injury other than that which occurred on October 1, 1966. The judgment is limited to an award of compensation for the disability resulting from the October 1, 1966, injury.

Defendant presents no points challenging the sufficiency of the evidence to support the jury's findings, nor does it assert that the findings are against the overwhelming weight and preponderance of the evidence. Defendant did not plead that the injury of February 23, 1967, was a producing, or the sole, cause of plaintiff's disability, nor did it request the submission of any issues inquiring the extent to which the subsequent injury contributed to plaintiff's total disability which began on February 23, 1967, the date of the subsequent injury. Cf. Jones v. Pacific Employers Insurance Company, 416 S.W.2d 580 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.).

Defendant requested the court to instruct the jury that "they shall not take into consideration the aggravation, if any, that may have resulted from the alleged injury to Plaintiff on February 23, 1967, and that the jury be instructed to return a verdict that the alleged injury of Plaintiff on or about October 1, 1966, was not aggravated in any way or manner whatsoever by the injuries sustained by Plaintiff on or about February 23, 1967." The court refused to give such instruction, and defendant here presents no point complaining of such action.

There is nothing in the record to indicate that any portion of the recovery in this case is based on the incapacitating effect of the subsequent injury.

■ Point of error no. 2 complains of the fact that defendant, whose policy insuring the employer expired January 30, 1967, has been held liable for the injury suffered by plaintiff some three weeks later on February 23, 1967. This contention assumes that plaintiff's recovery in this case, or a part of it, is based on the effects of the February, 1967, injury. As already pointed out, this is not the case. The recovery in this case is limited solely to the incapacitating effects of the injury suffered by plaintiff on October 1, 1966, when defendant was the employer's insurance carrier.

By its fourth point defendant argues that the trial court erred in that the judgment, after awarding plaintiff compensation for partial disability from October 1, 1966, to February 23, 1967, awards compensation for total disability for 401 weeks following October 1, 1966.

The judgment, after awarding $578.80 for the period of partial disability from October 1, 1966, to February 23, 1967, and $5,514.22 for total disability from February 23, 1967, to January 8, 1970, awarded plaintiff $7,417.06, "with interest thereon from this date at the rate of four (4%) percent per annum, such amount being Workmen's Compensation for Plaintiff during the period of total and permanent disability for the two hundred thirty-one (231) weeks following January 8, 1970, *which amount covers four hundred one (401) weeks following October 1, 1966,* discounted to the present value at the rate of four (4%) percent per annum * * * "[emphasis added]

■ Concededly, the portion of the judgment emphasized above, when read without reference to the recitals which precede it, is capable of being construed to mean that the sum of $7,417.06 is being awarded for total and permanent incapacity, that is, as compensation for total incapacity for a period of 401 weeks after October 1, 1966. However, unless we allow ourselves to be mesmerized by the reference to 401 weeks, it is impossible to conclude, reading the entire judgment, that plaintiff recovered for 401 weeks of total disability. The "amount" which the judgment recites "covers" 401 weeks "following October 1, 1966," is $7,417.06. Simple mathematical computation establishes that such amount falls far short (170 weeks) of representing compensation for 401 weeks of total disability. It is clear from a reading of the entire judgment, that the entire award ($578.80 for partial disability for 20 weeks and 5 days, plus $5,514.22 for total disability for 149 weeks and 2 days, plus $7,417.06 for total disability for 231 weeks) represented compensation for all disability for a period of 401 weeks following October 1, 1966.

■ By its fifth point, defendant insists that the judgment awarding plaintiff compensation for total and permanent disability after February 23, 1967, "contravenes the prior final judgment" of the trial court dismissing plaintiff's suit against Houston. We have already pointed out that plaintiff's claim against defendant in this case is based solely on the results of the injury sustained on October 1, 1966. No party of plaintiff's recovery here represents compensation for disability resulting from the injury of February 23, 1967. Defendant's fifth point is without merit.

The judgment of the trial court is affirmed.