**Bobbie Ramos RINONOS, Appellant,**

v.

**Ed LIVINGSTON, Appellee.**

No. 4595.

Court of Civil Appeals of Texas,
Eastland.

March 2, 1973.

Rehearing Denied March 23, 1973.

Wright & Barber and William A. Barber, Jr., Grand Prairie, for appellant.

Strausburger, Price, Kelton, Martin & Unis and Bryan J. Maedgen, Dallas, for appellee.

WALTER, Justice.

Bobbie Ramos Rinonos filed suit against Ed Livingston for damages resulting from an automobile collision. The jury answered every issue adversely to Rinonos. Judg-ment was rendered that the plaintiff take nothing and she has appealed.

In support of her motion for a mistrial, the plaintiff offered the testimony of Curtis Housewright, the court bailiff. The bailiff's testimony was introduced to establish the alleged jury misconduct.

In appellant's brief she says: "Once the trial judge determined, during the hearing on Appellant's Motion for Mistrial, that '. . . some or some one or more jurors misunderstood . . . (that they had to return a verdict in little more than an hour)' the factual issue was foreclosed. This is true because '. . . where the evidence as to whether jury misconduct occurred is conflicting, it becomes an issue of fact and the decision of the trial court should be accepted as final where there is any evidence of probative force to support such finding.'" She contends that the trial court determined the fact question of whether jury misconduct occurred and that the only issue before this court is "whether or not that misunderstanding probably resulted in Appellant being deprived of a fair trial." Assuming without deciding that she is correct in her contention that the trial court determined that misconduct occurred, how can this court pass on the law question presented without a complete Statement of Facts? In James Walter Fountain v. Faye S. Ferguson, 441 S.W.2d 506 at page 509 (Tex.Sup.1969), the Court said:

"In evaluating probable harm, this court has held that the preponderance of the evidence may be considered. Houseman v. Decuir, 155 Tex. 127, 283 S.W.2d 732 (1955). When the state of the evidence from the record as a whole showed that the facts overwhelmingly favored the appellee, misconduct was held harmless. Walker v. Texas Employers' Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298 (1956). The rule was announced in City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860 (1952) that only such portions of a statement of facts as can have no bearing on harm, should be omitted by one who has the burden to establish harm.

The complaint in that case was that the injection of insurance into a personal injury suit injured the plaintiff.

We conclude that the plaintiff in failing to bring forward the statement of facts failed to prove that the misconduct of the jury rather than the state of evidence probably caused the jury to answer the special issue adversely to plaintiff."

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.