Clarence LAUDERDALE, Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

No. 17641.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 19, 1975.

Rehearing Denied Oct. 17, 1975.

Dushman, Greenspan, Kensel & Friedman, and Lowell E. Dushman, Fort Worth, for appellant.

Street, Swift, Brockermeyer & Bell, and Kae L. Brockermeyer, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This appeal is by the plaintiff, Clarence Lauderdale, from a take nothing judgment that was rendered against him at the conclusion of the jury trial of a Workmen's Compensation suit that he had filed against the defendant, Insurance Company of North America.

When the jury answered "No" to the question inquiring whether plaintiff had proved by a preponderance of the evidence that he sustained an injury on the occasion in question, the trial court rendered the take nothing judgment.

We affirm.

In plaintiff's first and second points of error he contends that the trial court erred in overruling his motion for mistrial and request for a new jury panel based on two grounds, namely, (1) that defense counsel had, during voir dire examination of the jury panel, informed the jury that the Industrial Accident Board had found that the plaintiff did not sustain a injury and that plaintiff was in this case appealing that unfavorable ruling of the Board, and (2) that during voir dire examination of the jury panel defense counsel had informed the jury of recent local newspaper articles regarding fraudulent Workmen's Compen-

sation claims and collusion of claimants and doctors.

We overrule both of those points.

The voir dire examination of the jury panel that is in those two points complained of was not reported by the court reporter so it does not appear in the statement of facts. In addition there are no bills of exception in the record, as provided for by Rule 372, T.R.C.P., to show this Court what defense counsel actually did say upon the occasion in question and the setting under which such remarks, if any, were actually made.

The statement of facts does show that some time after the voir dire examination was made, plaintiff's counsel did dictate to the court reporter a motion to dismiss the jury panel on the two grounds referred to in his first and second points and in addition he stated that he objected to the action of defense counsel in making the statements complained of.

Contained in the statement of facts is also the statement of the trial court when he ruled on the objections and mistrial motion. The trial court denied the motion to discharge the jury panel, he sustained plaintiff's objections, and he instructed the jury as follows:

"THE COURT: Ladies and Gentlemen, we are ready to put twelve of you in the jurybox, but first I'll make a comment to you and instruct you on certain points with reference to the comments regarding the results of the hearing before the Industrial Accident Board.

"You are very seriously instructed not to consider that comment for any purpose. The Industrial Accident Board's proceedings have nothing to do with the trial of the comp case. It's trial de novo, or a new trial.

"It starts in the District Court once an appeal is made, therefore any results, whether it's good, bad or indifferent, is not relevant or effective or affecting any trial in the District Court. This trial is just starting new from today. The decision is to be made by this Jury and no one else, based on the evidence heard in this courtroom.

"You are also requested and instructed to disregard any remarks about any publicity on comp claims. There is no evidence in the record, and so far as I know, will be none on any other comp claim except the one in this case.

"Do any of you feel you could not obey that instruction and cast that comment out of your mind?

"Thank you very much."

In summary, no bill of exceptions and no part of the statement of facts before us purports to show whether or not defense counsel actually made the remarks complained of. The statement of facts does contain the motion for mistrial and the objections that were made by plaintiff's counsel sometime after the voir dire examination was completed wherein that counsel stated that defense counsel did make objectionable statements, but his statement that the remarks were made are legally insufficient to make the record show what, if anything, was said. See *Green v. Rudsenske*, 320 S.W.2d 228 (San Antonio, Tex. Civ.App., 1959, no writ hist.).

The trial court in ruling on plaintiff's motion for a mistrial and on his objections to the claimed remarks did instruct the jury not to consider comments made during voir dire examination regarding the results of the hearing before the Industrial Accident Board. He further instructed the jury to disregard any remarks about any publicity on compensation claims.

The court's remarks would indicate that something had been said by someone regarding the matters the court referred to, but no part of the record before us shows that the actual remarks that were allegedly made by defense counsel that are here complained of, the environment and circumstances prevailing in the courtroom at the time, and whether or not such remarks had been invited or provoked by something that opposing counsel had said or done.

With the record in that state, plaintiff has failed to sustain his burden of presenting a record to us that affirmatively shows that the trial court committed reversible errors in the rulings complained of in plaintiff's first two points. *Fenton v. Wade*, 303 S.W.2d 816 (Fort Worth, Tex. Civ.App., 1957, writ ref., n. r. e.). We cannot look at the record before us and tell from it what remarks, if any, defense counsel actually made, whether they were harmful, or whether they were invited or provoked by plaintiff's counsel.

Applicable law is stated in 3–A Tex.Jur. 486, Appeal & Error, Sec. 391, as follows: "The . . . rulings of the trial court are presumptively correct, and generally the appellate court will only consider matters shown by the record. Therefore, to procure a reversal an appellant must bring up a record which affirmatively shows that an error was committed, and that it was of such a nature as was calculated to injure him."

Even if it could be said that the matters complained of did show error, the statement of facts presented to us, showing only a part of the voir dire proceedings complained of, is insufficient to enable us to tell whether or not such error was a prejudicial or reversible one. *Rinonos v. Livingston*, 491 S.W.2d 940 (Eastland, Tex.Civ. App., 1973, writ ref., n. r. e.).

We also hold that because the voir dire examination complained of is not contained in the statement of facts or in a bill of exceptions, the matters complained of in plaintiff's first two points of error were not properly preserved for appellate review. *Green v. Rudsenske*, 320 S.W.2d 228 (San Antonio, Tex.Civ.App., 1959, no writ hist.).

There are other reasons why plaintiff's first and second points of error do not reflect a reversible error. The extent of voir dire examination of a jury panel is largely in the trial court's discretion, and its rulings will not be reviewed on appeal unless it clearly appears that its

discretion has been abused. *Fort Worth & D. C. Ry. Co. v. Kiel*, 195 S.W.2d 405 (Fort Worth, Tex.Civ.App., 1946, writ ref., n. r. e.); *Levermann v. Cartall*, 393 S.W.2d 931 (San Antonio, Tex.Civ.App., 1965, writ ref., n. r. e.); and *Travelers Insurance Co. v. Beisel*, 382 S.W.2d 515 (Amarillo, Tex.Civ. App., 1964, no writ hist.). In the absence of a statement of facts or bill of exceptions reflecting all of that part of the voir dire proceedings complained of this Court is unable to tell from the record whether or not the trial court did abuse its discretion in the conduct of such proceedings.

The plaintiff in his third point of error argues that since defendant's contention throughout the trial was that plaintiff had filed a fraudulent claim for gain against the compensation carrier, the court committed reversible error in refusing to allow plaintiff to rebut this contention by proving that he was also covered by an Aetna Group Insurance policy that provided substantial benefits for injuries which he might sustain off the job.

We overrule the point.

It was the plaintiff's contention during the trial that he sustained an on the job injury on or about September 21, 1971, which produced disability for which he was entitled to recover Workmen's Compensation insurance. The defendant proved that prior to filing this suit the plaintiff had presented a claim to Aetna Insurance Company seeking benefits under their group policy wherein he stated in writing that he had sustained the injury that caused his claimed disability on the night of September 20, 1971, off the job at his home while moving a deep freeze.

One of defendant's contentions during the trial was that plaintiff's claim of being injured on the job was a fraudulent one; that the injury that produced his disability was not sustained on the job but was in fact sustained at home one evening while moving a deep freeze and that he was therefore not entitled to recover Workmen's Compensation insurance in this suit and that he was

not telling the truth about being hurt on the job.

In order to rebut defendant's contention that his claim against the carrier was a fraudulent one and that plaintiff was lying in testifying that he was hurt on the job, the plaintiff offered to prove that at the time he was moving the deep freeze at his home on the night of September 20, 1971, he was covered by an Aetna Group Insurance policy that afforded him substantial benefits for any total disability that resulted from injuries that he might have then sustained. This evidence was offered to support his contention that he was not lying about being hurt on the job and to show that there was no reason for him to falsely claim that he was hurt on the job, because he was entitled to recover almost as much in benefits from Aetna if hurt off the job as he would be entitled to recover from the carrier if he prevailed in this case.

The parties stipulated in an instrument they called a bill of exception that plaintiff in September, 1971, was covered by the Aetna Insurance Company Group policy that paid benefits for temporary disability for off the job injuries of $78.00 for 26 weeks and that if he was totally and permanently disabled from such an injury he could receive a lump sum maximum of $15,000.00 under the Aetna policy and that under the Workmen's Compensation law he could receive a maximum of $19,649.00 for total disability.

The trial evidence showed the existence of the Aetna Insurance Company Group policy affording benefits to plaintiff for disability caused by off the job injuries. The bill of exception shows that the trial court refused to permit plaintiff to show that he could have gotten $15,000.00 in benefits for total disability from an off the job injury and $19,649.00 in Workmen's Compensation insurance for total disability resulting from an on the job injury.

In discussing it we will assume that plaintiff has properly preserved this point. This is actually questionable. To say the least, the claimed bill is not in the usual form of a bill of exception drawn to preserve for review an error committed in connection with the exclusion of evidence.

We hold that the excluded evidence was admissible and that it was error to exclude it. Such evidence would prove circumstances that tended to rebut defendant's contention and supporting evidence to the effect that plaintiff was lying when he testified that the injury that caused his disability was sustained on the job. If he could get $15,000.00 for total disability under the Aetna Insurance Group policy for total disability resulting from an off the job injury sustained at home, there would be much less reason for plaintiff to lie in claiming that he did not get hurt at home while moving the deep freeze, than there would be in the absence of that fact.

Persuasive of our holding is *Salinas v. Casualty Insurance Company of California*, 323 S.W.2d 600 (San Antonio, Tex.Civ.App., 1959, affirmed in 160 Tex. 445, 333 S.W.2d 109), which was a Workmen's Compensation case. A doctor testified there that plaintiff was a malingerer and was exaggerating his injury. The Court held that it was proper under those circumstances for plaintiff to prove by three witnesses that the plaintiff had on occasions prior to the trial and after the claimed injury date complained in their presence of present pain. These were circumstances that tended to rebut the claim that plaintiff was faking.

We hold that the error in excluding this evidence did not amount to such a denial of plaintiff's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case. It is therefore not a reversible error. Rule 434, T.R.C.P.

We are required to and have reviewed the entire record in making this determination. *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596 (1953) and *Wilson v. Texas Employers' Insurance Association*, 407 S.W.2d 804 (Eastland, Tex. Civ.App., 1966, writ ref., n. r. e.). Plain-

tiff's contention during the trial was that a low back injury resulted in his being operated on and in his sustaining disability. His own testimony strongly indicates that he did not sustain an on the job low back injury on the occasion in question and it is undisputed that he even made a claim on another insurance policy wherein he there stated that he sustained the injury that caused his disability at home instead of on the job. The plaintiff tried to explain away the statement he made on that claim form given to Aetna, but the jury apparently did not believe the explanation. We are convinced that it is not probable that the exclusion of this evidence caused the rendition of an improper judgment.

In plaintiff's fourth point of error he contends that the trial court erred in allowing defense counsel, over objection, to read during his jury argument from medical records of Dr. Maroney, which records had been excluded from the evidence.

■ We overrule this point because the record does not show that defense counsel read to the jury during his argument from Dr. Maroney's medical records. Plaintiff's counsel stated to the court that defense counsel was reading to the jury from such record, and the defense counsel denied to the court that he was reading to the jury from that record. This is all the record shows to us about the matter complained of. The statement of plaintiff's counsel, standing alone, is legally insufficient to make the record show that defense counsel was in fact reading to the jury from Dr. Maroney's record. *Green v. Rudsenske*, 320 S.W.2d 228 (San Antonio, Tex.Civ.App., 1959, no writ hist.).

In his fifth point of error plaintiff contends that the trial court committed reversible error in permitting defense counsel, over objection, to argue to the jury that plaintiff "tells Dr. Maroney he had injured his right shoulder moving a deepfreeze." Plaintiff claims there was no evidence to support such an inference and that such an inference from the evidence was neither reasonable nor legitimate.

We overrule the point.

■ From our review of the record we are convinced that there was no evidence in the case to the effect plaintiff told a Dr. Maroney that he had injured his shoulder moving a deep freeze. There is no evidence in the record from which it can reasonably be inferred that he told Dr. Maroney that. The argument was therefore improper. *Sims v. Travelers Insurance Company*, 391 S.W.2d 807 (Fort Worth, Tex.Civ.App., 1965, writ ref., n. r. e.).

We hold that this error did not amount to such a denial of plaintiff's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. It is not a reversible error. Rule 434, T.R.C.P.

Plaintiff's contention throughout the trial had been that he sustained an on the job injury to his low back on September 21, 1971, which resulted in his having a laminectomy and the disability here complained of. His deposition testimony was offered into evidence. He was there asked (inquiring about his fall at his employer's place of business on September 21, 1971) "What parts of your body were injured?" He answered: "It was the upper back and neck, sir." He also testified that when he went to see Dr. Brooks following this fall at work this doctor x-rayed the area between his shoulders and that to his knowledge he did not on September 21, 1971, injure his low back. He testified that Dr. Brooks gave him therapy to his neck and upper back following the injury and gave him no therapy to his low back until December, 1971, after he was involved in a car wreck. He also testified that on September 21, 1971, he went to see the nurse at his employer's plant following his fall on the job and that she then gave him heat treatments in the area between the shoulders (neck and upper back).

We have examined the entire record and hold that the matter in plaintiff's fifth

point complained of was not a prejudicial error.

In plaintiff's sixth and seventh points of error he contends that the cumulative effect of two or more of the errors that he claims were committed was prejudicial to plaintiff and was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

From our review of the entire record we are convinced that no two or more errors were committed during the trial the cumulative effect of which was to probably cause the rendition of an improper judgment.

The judgment is affirmed.