**50** ■ 

Edward WATKINS, Appellant,

v.

The CHARTER OAK FIRE INSURANCE
COMPANY, Appellee.

No. 8721.

Court of Civil Appeals of Texas,
Texarkana.

Dec. 4, 1979.

M. Scott Taylor, Moriarty & Madigan, Houston, for appellant.

Robert G. McConn, Jr., D. Craig Olivier, Vinson & Elkins, Houston, for appellee.

CORNELIUS, Chief Justice.

In this worker's compensation case the jury found that the claimant, Edward Watkins, had not sustained an injury as he had alleged in his petition. The trial court rendered a take nothing judgment, and Mr. Watkins has appealed contending that the trial court erred in admitting certain evidence before the jury, and that the finding of no injury was against the great weight and preponderance of the evidence.

Mr. Watkins was employed by the Vector Cable Company as a marine cable operator when the alleged injury occurred. According to his testimony he injured his back on September 10, 1976, when he slipped and fell backwards while lifting a section of heavy cable into a tank.

Before going to work for Vector Cable Company, Mr. Watkins had worked for Taylor Forge Company as an apprentice machinist. The undisputed evidence, admitted without objection, was that while working for that company on December 8, 1975, some nine months prior to the alleged injury at Vector Cable, Mr. Watkins had suffered an injury to his back and had received worker's compensation benefits as a result of that injury.

Charter Oak's main defense to Mr. Watkins' claim here was that he did not receive an injury while working for Vector Cable Company, but that his disability was due solely to the previous injury he experienced

while working for Taylor Forge Company. In response to Mr. Watkins' testimony that Charter Oak had not paid his hospitalization charges, the trial court allowed Charter Oak's representative to testify that his company did not pay Mr. Watkins' medical and hospital bills when he was hospitalized after the alleged injury at Vector Cable Company because at that time Watkins still had open medical benefits available from his previous injury. The amount or the extent of the available benefits was not shown. However, exhibits in the form of hospital records of Mr. Watkins' hospitalization after the alleged second injury were introduced by his counsel, and they showed that the charges were to be billed to Taylor Forge Company and that the insurance coverage was "Aetna Life", the company which carried Taylor Forge's worker's compensation insurance.

■ The first point of the appeal contends that the testimony concerning open medical benefits available to Mr. Watkins from Aetna was irrelevant and was so prejudicial as to require a new trial. To support his contention in this regard, Mr. Watkins relies upon the well settled rule that evidence of the amounts received by a claimant for a prior compensable injury, or of other collateral sources of income, are not admissible in cases of this type. See *St. Paul Fire & Marine Insurance Co. v. Murphree*, 163 Tex. 534, 357 S.W.2d 744 (1962); *Mackey v. Gulf Insurance Co.*, 443 S.W.2d 911 (Tex.Civ.App. Amarillo 1969, no writ); *Olivares v. Travelers Insurance Company*, 442 S.W.2d 793 (Tex.Civ.App. San Antonio 1969), *affirmed*, 467 S.W.2d 528 (Tex.1971); *Traders & General Insurance Company v. Reed*, 376 S.W.2d 591 (Tex.Civ.App. Corpus Christi 1964, writ ref'd n. r. e.). Charter Oak, on the other hand, contends that the evidence was properly admitted as an exception to the rule, not as bearing upon the extent of the previous injury, or for the purpose of showing a collateral source of income in mitigation of damages, but as tending to rebut Mr. Watkins' testimony that he received the subsequent injury, and to answer his claim in this suit that Charter Oak wrongfully refused to pay his medical and hospitalization expenses.

We have concluded that the evidence was properly admitted in the circumstances of this case. Since it did not reveal any amounts Mr. Watkins had received, or indeed, that he had received any benefit at all, the admission of such evidence did not violate the rule applied in *St. Paul Fire & Marine Insurance Co. v. Murphree*, supra. And while the benefits, if any, which Mr. Watkins received from parties other than Charter Oak would be inadmissible under the collateral source rule, yet his *claims* for such benefits, to the extent that they are inconsistent with the position he has taken in this case, are admissible to rebut his testimony that he in fact suffered the subsequent injury. *Twin City Fire Insurance Co. v. Gibson*, 488 S.W.2d 565 (Tex.Civ.App. Amarillo 1972, writ ref'd n. r. e.). See also *Lauderdale v. Insurance Co. of North America*, 527 S.W.2d 841 (Tex.Civ.App. Fort Worth 1975, writ ref'd n. r. e.); *Northwestern National Insurance Company v. Kirchoff*, 427 S.W.2d 638 (Tex.Civ.App. Houston-14th Dist.1968, no writ). And, as considerable undisputed evidence was admitted without objection to the effect that Mr. Watkins had suffered a previous *compensable* injury some nine months before the alleged injury in this case, it is difficult to see how the evidence complained of, even if not properly admitted, could have harmed Mr. Watkins. Moreover, Mr. Watkins' own counsel introduced the documentary evidence showing the hospitalization to have been under Aetna's coverage with billing instructions to Taylor Forge Company. Under the circumstances, we find no reversible error.

■ Neither can we agree that the jury finding of no injury is against the great weight and preponderance of the evidence. Although Mr. Watkins testified positively that he received a new injury on September 10, 1976, while working at Vector Cable Company and that his hospitalization on September 23 and subsequent disabilities were the result of that injury, it was undisputed that he injured the same general area

of his back some nine months earlier at Taylor Forge Company, and his doctor testified that he had treated him for back pain as late as January and March of 1976. In addition, there was evidence that Mr. Watkins did not report his injury to his foreman until after he had been reprimanded for poor job performance, and one of his co-workers testified that he never saw Mr. Watkins injure himself, never heard him say that he had injured himself on the job, and that he did not appear to have any trouble working, although he had heard him complain of low back pain. This and other evidence which we need not recite, together with the evidence that Mr. Watkins was hospitalized after the alleged injury under records showing Aetna as the insurer and Taylor Forge Company as the party to be billed constituted ample evidence to support the jury finding.

The judgment of the trial court is affirmed.